IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA

    Plaintiff,

v.

JAMES R. SWITZER

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on January 26, 2012. Present were the following: Guy Till, Assistant United States Attorney, Jonathan S. Willett, counsel for the defendant, and the defendant. The Court carefully considered the Pretrial Services Report and the arguments of counsel.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 27th day of January, 2012.

By the Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

United States v. James R. Switzer
Case Number 12-cr-00010-MSK

### FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
### FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or probable cause to believe the defendant committed a violation of 18 U.S.C. § 924(c), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> the weight of the evidence against the person;
>
> the history and characteristics of the person, including –
>
>> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> the nature and seriousness of the danger to any person or the community that

would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file. I have also considered the information presented during the detention hearing on January 26, 2012 and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violations of 18 U.S.C. § 922(g) [possession of a firearm by a prohibited person] and 21 U.S.C. § 856(a)(1) [using and maintaining a drug-involved premises]. The latter offense is a crime prescribed by the Controlled Substance Act that carry a maximum term of imprisonment of over ten years. The grand jury has found probable cause to believe these offenses were committed by the defendant. This court finds that the defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required or the safety of the community.

Second, I note the defendant's history and personal characteristics. Weighing in his favor, the defendant's mother and stepfather reside in the Denver metro area. For the past five years the defendant has been involved in a relationship and has two minor children from that relationship. Th defendant is a life-long resident of Colorado. The defendant has been with his current employer since January 2010. The court has not been provided with any additional information to regarding the nature or duration of the defendant's pre-2010 employment.

Finally, the defendant's criminal record indicates that the defendant was adjudicated a delinquent in two separate cases in 1997 involving misdemeanor menacing with a weapon and misdemeanor theft by receiving. In each of those cases, the defendant's probation was revoked and the defendant was placed on intensive supervision. As an adult, the defendant was convicted of misdemeanor assault and domestic violence in 2002, was convicted of felony criminal mischief in 2005, was convicted of domestic violence and assault in 2005, was convicted in a separate case of harassment and domestic violence in 2005, was convicted of felony vehicular eluding in 2006, was convicted of misdemeanor resisting arrest in 2007, and was convicted of misdemeanor assault in 2010. The defendant's criminal record shows six probation revocations and one revocation of a direct sentence of community corrections. There is reason to believe the defendant was serving a sentence of community corrections in 2009 at the time he committed the firearms violation alleged in Count 28 of the instant indictment.

After considering all of these factors, I find by clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. In particular, I note the statutory presumption governing this case and the defendant's numerous convictions for assaultive or harassing behavior. Finally, I find there is a significant threat of flight given the short duration of the defendant's current employment, the defendant's history of failing to comply with conditions of bond or conditions of probation, and the defendant's prior convictions for eluding and resisting arrest.