IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

           Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.  ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.  DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.  ERIC LUGO,
9.  LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

           Defendants.

---

## FIRST SUPERCEDING INDICTMENT

**Maintaining Drug-Involved Premises**
(21 U.S.C. § 856(a)(1) and (2) and (b))
**Possession with Intent to Distribute Cocaine**
(21 U.S.C. § 841(a)(1) and (b)(1)(A),(B), and (C))
**Prohibited Person in Possession of Firearm and Ammunition**
(18 U.S.C. §§ 922(g)(1) and 924(a)(2))
**Possession of Firearm in Furtherance of Drug Trafficking Felony**
(18 U.S.C. § 924(c))
**Possession with Intent to Distribute Marijuana**
(21 U.S.C. § 841(a)(1) and (b)(1)(D))

1

**Conspiracy to Distribute Cocaine**
(21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A),(B), and (C))
**Distribution of Controlled Substance Near a School**
(21 U.S.C. § 860(a) and (b))
**Conspiracy to Maintain Drug-Involved Premises**
(21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b))
**Possession of Prohibited Weapon**
(26 U.S.C. §§ 5861(d) and 5871)
**Aiding and Abetting**
(18 U.S.C. § 2)

---

The Grand Jury Charges:

### COUNT ONE
**Possession with Intent to Distribute More than 28 Grams of Crack Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(B)

On or about March 17, 2009, within the State and District of Colorado,  the defendant,

**GEORGE H. ASKEW**,

knowingly distributed and possessed with intent to distribute more than 28 grams of a substance and mixture containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

### COUNT TWO
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about March 17, 2009, within the State and District of Colorado, the defendant,

**GEORGE H. ASKEW**,

knowingly possessed a firearm which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

2

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Weapon by Prohibited Person.

## COUNT THREE
### Using a Residence for the Purpose of Distributing Controlled Substance
### 21 U.S.C. § 856(a)(1) and (2) and (b)

On or about March 17, 2009, within the State and  District of Colorado, the defendant,

**GEORGE H. ASKEW,**

knowingly used a place, to wit: the residence known as 3701 E. 29th Avenue, Denver, Colorado, for the purpose of distributing quantities of a mixture and substance containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), Maintaining drug-involved premises.

## COUNT FOUR
### Possession of Firearm in Furtherance of Drug Trafficking Felony
### 18 U.S.C. § 924(c)

On or about March 17, 2009, within the State and District of Colorado, the defendant,

**GEORGE H. ASKEW,**

knowingly possessed a firearm in furtherance of a felony drug trafficking crime for which he could be prosecuted in a court of the United States, to wit: knowingly to use and maintain a drug involved premises in violation of Title 21 U.S.C. § 856 (a)(1) and (2) and (b)(1), and knowingly possessing with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine base, a Schedule II controlled substance commonly known as "crack cocaine," in violation of Title 21 U.S.C. § 841(a)(1) and (b).

3

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I),  Possessing a firearm in furtherance of drug trafficking felony offense.

## COUNT FIVE
### Possession with Intent to Distribute Crack Cocaine
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about June 18, 2009, within the State and District of Colorado,  the defendant,

### DELBERT J. GARDNER,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIX
### Possession with Intent to Distribute Cocaine
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about March 12, 2010, within the State and District of Colorado,  the defendant,

### ERIC LUGO,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SEVEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

On or about April 14, 2010, within the State and District of Colorado,  the defendant,

**ERIC LUGO**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a

detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c) and Title

18, United States Code, Section 2.

## COUNT EIGHT
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about October 30, 2010, within the State and District of Colorado, the defendant,

**DARRELL R. PARKER**,

knowingly possessed a firearm and ammunition which had been transported in interstate

commerce, having been convicted previously of a crime punishable by imprisonment for a term

exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2,

Possession of Weapon by Prohibited Person.

## COUNT NINE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about January 29, 2009, within the State and District of Colorado,  the defendant,

**CALVIN R. RILEY**,

5

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TEN
### Prohibited Person in Possession of Firearm
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about July 10, 2009, within the State and District of Colorado, the defendant,

**CALVIN R. RILEY**,

knowingly possessed a firearm and ammunition which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Weapon by Prohibited Person.

## COUNT ELEVEN
### Maintaining Drug-Involved Premises
21 U.S.C. § 856(a)(1) and (2) and (b)

Between on or about April 7, 2010, and on or about July 30, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY,**

knowingly used a place, to wit: the residence known as 2331 Pontiac Street, Denver, Colorado,  for the purpose of distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance.

6

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), Maintaining drug-involved premises.

### COUNT TWELVE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 7, 2010, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT THIRTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 6, 2010, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance..

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT FOURTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 26, 2010, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).


### COUNT FIFTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 14, 2010, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).


### COUNT SIXTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)


On or about March 31, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SEVENTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 8, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

8

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT EIGHTEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about April 13, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT NINETEEN
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 12, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about May 20, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-ONE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about June 3, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT TWENTY-TWO
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

On or about June 30, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c) and Title 18 Section 2.

## COUNT TWENTY-THREE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 14, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a

detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-FOUR
**Possession with Intent to Distribute Marijuana**
21 U.S.C. § 841(a)(1) and (b)(1)(D)

On or about July 14, 2011, within the State and District of Colorado,  the defendant,

**COREY L. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a

detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).

## COUNT TWENTY-FIVE
**Possessing Firearm in Furtherance of Drug Trafficking Felony Offense**
18 U.S.C. § 924(c)

On or about July 14, 2011, within the State and District of Colorado, the defendant,

**COREY L. RILEY,**

knowingly possessed a firearm in furtherance of a federal felony drug trafficking crime, to wit:

knowingly to use and maintain a drug involved premises, the residence known as 2331 Pontiac

Street, Denver, Colorado, in violation of Title 21 U.S.C. § 856 (a)(1) and (2) and (b)(1).

11

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), Possessing a firearm in furtherance of drug trafficking felony offense.

### COUNT TWENTY-SIX
**Possession with Intent to Distribute More than 500 grams of Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

On or about June 12, 2007, within the State and District of Colorado, the defendant,

**COREY L. RILEY**,

knowingly distributed and knowingly possessed with intent to distribute more than 500 grams of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance and intentionally did aid and abet the same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

### COUNT TWENTY-SEVEN
**Conspiracy to Distribute more than 5 Kilograms of Cocaine**
21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)
18 U.S.C. § 2

Between on or about January 1, 2005 and on or about June 12, 2007, within the State and District of Colorado and elsewhere, the defendant,

**COREY L. RILEY**,

knowingly agreed with Z.A. and other persons to the Grand Jury known and unknown knowingly to possess with intent to distribute and knowingly to distribute more than five kilograms of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance, and intentionally did aid, abet, and cause the same.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2, Conspiracy to distribute more than five kilograms of cocaine.

### COUNT TWENTY-EIGHT
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about February 13, 2009, within the State and District of Colorado, the defendant,

**JAMES R. SWITZER**,

knowingly possessed a firearm and ammunition which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.

### COUNT TWENTY-NINE
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about January 28, 2010, within the State and District of Colorado,  the defendant,

**CLIFFORD M. WRIGHT**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) .

### COUNT THIRTY
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about February 19, 2010, within the State and District of Colorado,  the defendant,

**CLIFFORD M. WRIGHT**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## <u>COUNT THIRTY-ONE</u>
### Conspiracy to Use and Maintain Drug-Involved Premises
21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b)

Between on or about January 1, 2005, and on or about January 20, 2012, within the State and  District of Colorado, the defendants,

> 2.  **ROMELL E. BULLOCK,**
> 3.  **GREGORY A. COLLINS,**
> 4.  **GEORGE A. GADDY,**
> 7.  **SHEPS H. KHAMSAHU,**
> 9.  **LAWRENCE T. MARTIN,**
> 10.  **JOHNIE A. MYERS,**
> 12.  **CALVIN R. RILEY,**
> 13.  **COREY L. RILEY, and**
> 14.  **THOMAS A. SCHRAH, JR.,**

knowingly agreed with one another and with others, to the Grand Jury known and unknown, to maintain and to use a place, to wit: premises informally known as the Hell's Lovers Motorcycle Club clubhouse, for the purpose of using and distributing quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and quantities of a substance and mixture containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 856(a)(1) and (2) and (b), and *Pinkerton v. United States*, 328 U.S. 640 (1946)(*Pinkerton* liability for the reasonably foreseeable conduct of co-conspirators), Conspiracy to use and maintain drug-involved premises.

**COUNT THIRTY-TWO**
**Using and Maintaining Drug-Involved Premises**
21 U.S.C. § 856(a)(1) and (2) and (b)
**Aiding and Abetting**
18 U.S.C. § 2

Between on or about February 5, 2007, and on or about January 20, 2012, within the State and

District of Colorado, the defendants,

1. **GEORGE H. ASKEW,**
2. **ROMELL E. BULLOCK,**
3. **GREGORY A. COLLINS,**
4. **GEORGE A. GADDY,**
5. **DELBERT J. GARDNER,**
6. **RICHARD W. JOHNSON,**
7. **SHEPS H. KHAMSAHU,**
8. **ERIC LUGO,**
9. **LAWRENCE T. MARTIN,**
10. **JOHNIE A. MYERS,**
11. **DARRELL R. PARKER,**
12. **CALVIN R. RILEY,**
13. **COREY L. RILEY,**
14. **THOMAS A. SCHRAH, JR.,**
15. **JAMES R. SWITZER, and**
16. **CLIFFORD M. WRIGHT,**

knowingly maintained and used a place, to wit: premises informally known as the Hell's Lovers

Motorcycle Club clubhouse, for the purpose of using and distributing quantities of a substance and

mixture containing a detectable amount of marijuana, a Schedule I controlled substance, and

quantities of a substance containing a detectable amount of cocaine, a Schedule II controlled

substance, and intentionally aided and abetted another to maintain and use said premises for the

purposes of using and distributing Schedule I and a Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 856(a)(1) and (2) and (b), and Title 18, United States Code, Section 2, Maintaining drug-involved premises, and aiding and abetting another to do so.

### COUNT THIRTY-THREE
**Distribution of Controlled Substance Near a School**
21 U.S.C. § 860

On or about March 17, 2009, within the State and District of Colorado,  the defendant,

**GEORGE H. ASKEW**,

knowingly distributed and possessed with intent to distribute  a substance and mixture containing a detectable amount of cocaine base (also known as "crack cocaine"), a Schedule II controlled substance, within 1000 feet of real property comprising a public school.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 860.

### COUNT THIRTY-FOUR
**Prohibited Person in Possession of Firearm**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about January 20, 2012, within the State and District of Colorado, the defendant,

**RICHARD W. JOHNSON**,

knowingly possessed a firearm, to wit: a pistol, which had been transported in interstate commerce, having been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, Possession of Firearm by Prohibited Person.

## COUNT THIRTY-FIVE
**Possession of Firearm in Furtherance of Drug Trafficking Felony**
18 U.S.C. § 924(c)

On or about January 20, 2012, within the State and District of Colorado, the defendant,

**RICHARD W. JOHNSON,**

knowingly possessed a firearm in furtherance of a felony drug trafficking crime for which he could

be prosecuted in a court of the United States, to wit: knowingly to use and maintain a drug involved

premises in violation of Title 21 U.S.C. § 856 (a)(1) and (2) and (b)(1).

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), Possessing a firearm

in furtherance of drug trafficking felony offense.

## COUNT THIRTY-SIX
**Prohibited Person in Possession of Ammunition**
18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2

On or about January 20, 2012, within the State and District of Colorado, the defendant,

**RICHARD W. JOHNSON**,

knowingly possessed a ammunition, which had been transported in interstate commerce, having been

convicted previously of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2,

Possession of Ammunition by Prohibited Person.

## COUNT THIRTY-SEVEN
**Possessing a Prohibited Weapon**
(26 U.S.C. §§ 5861(d) and 5871)

On or about January 21, 2012, in the State and District of Colorado, the defendant,

**6. RICHARD W. JOHNSON**

17

knowingly possessed  a short-barreled shotgun, having a barrel of less than18 inches in length, which was in operating condition, said shotgun having been transported in and affecting interstate commerce, and not being registered as required in Chapter 53  to the defendants in the National Firearms Registration and Transfer record.

All in violation of Title 26, United States Code, Sections 5861(d) and 5871, Possessing a Prohibited Weapon.

## COUNT THIRTY-EIGHT
**Possession with Intent to Distribute Cocaine**
21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 2, 2009, within the State and District of Colorado,  the defendant,

**CALVIN R. RILEY**,

knowingly possessed with intent to distribute a quantity of a substance and mixture containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## Forfeiture Allegation
**18 U.S.C. § 3665**

1.      The allegations contained in Counts One through Thirty-Eight of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(a), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the violations alleged in Count One through Thirty-Eight of this Superseding Indictment involving violations of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(c), the defendants shall forfeit to the United States pursuant to

18

Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including but not limited to the following:

   a.  Miscellaneous Firearms and Ammunition seized on July 14, 2011, from Corey Riley, at 2331 Pontiac Street, Denver, Colorado.

   3.  Upon conviction of the violations alleged in Count One through Thirty-Eight of this Superseding Indictment involving violations of Title 21, United States Code, Sections 841, 846, 856 and 860, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any and all proceeds obtained directly or indirectly as a result of such offenses, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including, but not limited to:

   a.   a money judgment in the amount of the proceeds obtained from the conspiracy and/or violations listed above for which the defendants are jointly and severally liable;

   b.  $16,960.00 in United States Currency, seized on July 14, 2011 from Corey Riley at 2331 Pontiac Street, Denver, Colorado;

   c.  Miscellaneous Firearms and Ammunition seized on January 21, 2012, from Richard Johnson, at 16051 East Colfax Avenue, Apt. 23, Aurora, Colorado; and

   d.  $5,027.00 in United States Currency, seized on January 20, 2012, from Sheps Khamsahu, at 50 South Trenton Street, Denver, Colorado.

   e.  Miscellaneous Firearms and Ammunition seized on January 20, 2012, from the Hell's Lovers Motorcycle Club clubhouse.

4.     If any of the property described in paragraphs 1 through 3 above, as a result of

any act or omission of the defendants:

     a)     cannot be located upon the exercise of due diligence;
     b)     has been transferred or sold to, or deposited with, a third
              party;
     c)     has been placed beyond the jurisdiction of the Court;
     d)     has been substantially diminished in value; or
     e)     has been commingled with other property which
              cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

  Ink signature on file in the Clerk's Office  

GRAND JURY FOREPERSON

JOHN F. WALSH
United States Attorney

 s/ Guy Till        
By: GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
Guy.Till@usdoj.gov