# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

District Court Case No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

15.    JAMES SWITZER

      Defendant.

_____

**UNOPPOSED MOTION OUT OF TIME TO EXCLUDE TIME FROM SPEEDY TRIAL COMPUTATION AND**
**FOR ORDER GRANTING CONTINUANCE OF FILING DEADLINES AND SETTINGS**

_____

      Defendant, James Switzer, by and through counsel, Jonathan S. Willett, moves the Court to exclude thirty days time until, from the speedy trial computation and for an order granting a continuance of: (1) the filing deadlines of February 16, 2012 and March 8, 2012, for motions and responses; (2) the trial preparation conference of March 16, 2012, at 4:00 p.m.; and (3) the trial set to commence on March 19, 2012, at 1:00 p.m., for good cause shown as follows:

**Procedural History**

1. Mr. Switzer had his initial appearance before the magistrate judge on January 23, 2012. Undersigned counsel was appointed to represent him on January 24, 2011.

2. A federal grand jury returned a thirty-eight count indictment against Mr. Switzer and fifteen others on February 6, 2012 [#180]. Mr. Switzer is charged in two counts and is also named in a forfeiture allegation. Mr. Switzer's charges include: Prohibited Person in Possession of Firearm (Count Twenty-Eight) in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and using and maintaining drug-involved Premises (Count Thirty-Two) in violation of 21 U.S.C. § 856(a)(1) and (2) and (b),Aiding and Abetting 18 U.S.C. § 2.

3. Mr. Switzer entered pleas of not guilty on January 26, 2012. The Speedy Trial time limits of 18 U.S.C. § 3161 calculated by the Court are as follows: 30 days is February 22, 2012; 70 days is April 2, 2012; 90 days is April 22, 2012.

4. On January 26, 2012, the Court issued its Setting and Trial Preparation Order [# 76] establishing filing deadlines and setting a jury trial to commence on March 19, 2012.

5. Pursuant to the Discovery Conference Memorandum and Order [#122], the government was to disclose the discovery on February 6, 2012.   However, the investigation appears to be ongoing.

**Request for Exclusion of Time and Continuance**

6. Defendant James Switzer request an exclusion of time of thirty days and an order granting a continuance of: (1) the filing deadlines of February 16, 2012 and March 8, 2012, for motions and responses; (2) the trial preparation conference of March 16, 2012, at 4:00 p.m.; and (3) the trial set to commence on March 19, 2012, at 1:00 p.m.

7. In determining a motion to continue [a trial] the Tenth Circuit has established the following relevant factors:  (1) the diligence of the party requesting the continuance; (2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] (4) The need asserted for the continuance and the harm that [defendant-movant] might suffer as a result of the district court's denial of the continuance. United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987). The fourth and final factor is "by far the most important." Id. at 1476.

8. The Tenth Circuit has recently clarified the issue of a continuance in United States v. Toombs, 574 F.3d 1262, 1268-1269 (10th Cir. 2009). In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A) of the Speedy Trial Act, certain prerequisites must be satisfied. The Court must consider the facts listed in section 3161(h)(7)(B) as follows:
(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.  In this case, counsel and the Defendant are still evaluating the discovery that was just provided the week before last when counsel was involved in a trial in Boulder County Colorado District Court.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits

3

established by [the Act]. The discovery in this case is thus far not very voluminous, but due to the number of defendants involved, and indications about the evidence, it is believed that additional discovery may be forthcoming.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because of the facts upon which the grand jury must base its determination are unusual or complex. This factor has no application to the instant situation.

(iv) Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel has been actively discussing the case and the discovery provided thus far with the Defendant. Defendant has identified that many of the other persons involved in the investigation have no connection with him. Defendant requires an additional thirty days to investigate this and other facts relating to Defendant's alleged role (or lack thereof) in the most serious charge contained in the indictment, which spans a five year period of time. 18 U.S.C. § 3161(h)(7)(B)(i) – (iv). After considering these factors, the court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." United States v. Hill, 197 F.3d 346, 441 (10th Cir. 1999), § 3161(h)(7)(A). The balancing must occur contemporaneously with the granting of the continuance. Id.

9. On Wednesday February 15, 2012, Defense counsel's elderly mother discovered a radiator had blown up in a residence she owns in New York State, but to which she is unable to travel from New York City. Although no one was injured, the radiator destroyed a part of the house. Defendant's counsel had to make an emergency trip to New York in order to assist his mother and help her to travel to the home, report the claim and make immediate repairs to prevent further damage.

10. Neither party will be inconvenienced by the requested continuance. Indeed, the requested continuance will enable the parties to have more fruitful discussions.

11. The Assistant U.S. Attorney, Guy Till, was contacted and is unopposed to this motion.

12. The requested period of exclusion is 30 days.

WHEREFORE, the Defendant requests the Court to exclude time from the speedy trial computation until February 10, 2012, and for an order granting a continuance of: (1) the filing deadlines of February 16, 2012 and March 8, 2012, for motions and responses; (2) the trial preparation conference of March 16, 2012, at 4:00 p.m.; and (3) the trial set to commence on March 19, 2012, at 1:00 p.m.

Dated: February 20, 2012                              Respectfully submitted,


                                                     s/ Jonathan S. Willett
                                                   Jonathan S. Willett, State Bar #16264
                                                   1331 17th Street, Suite 608
                                                   Denver, Colorado 80202
                                                   Telephone: (303) 832-5648
                                                   Facsimile:  (303) 832-7813


## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of February 2012, a true and correct copy of the foregoing Motion was served via Electronic Mail through the ECF system to:

Guy Till
U.S. Attorney's Office-Denver
1225 17th Street East #700
Denver, CO 80202
Fax: 303-454-0409
Email: guy.till@usdoj.gov

                                                   s/ Jonathan S. Willett
                                                   For Law Offices of Jonathan S. Willett