**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES R. SWITZER,

        Defendant.

**MOTION FOR DOWNWARD DEPARTURE AND MOTION FOR NON-GUIDELINE SENTENCE**

---

Comes now the Defendant, through counsel, hereby moves this Court to depart downward from the Sentencing Guideline calculation posed by the Probation Department. Defendant also moves this Court for a non-guideline statutory sentence. As grounds:

**Background and Introduction**

Defendant is to be sentenced following his guilty plea to possession of a weapon by a previous offender. The Probation Department has calculated Defendant's offense level as a 17 and a criminal history as a category VI. The Probation Department calculated the level based upon its construction of U.S.S.G. 2K2.1(a)(4)(A). Defendant contends that his offense level should be calculated as a 12, because the Defendant's prior conviction of conspiracy to commit vehicular eluding should not be considered a crime of violence under the Sentencing Guidelines. Defendant suggests that the Court also consider 1) his mitigated role in the offense under U.S.S.G. §3B1.2; 2) that

1

Defendant's criminal history is overstated under U.S.S.G. §4A1.3(b)(1); 3) that Defendant has the primary responsibility for caring for his family and providing financial support under U.S.S.G. §5H1.5, and 4) that a Guideline adjustment is warranted based upon Defendant's post-arrest rehabilitation. Defendant also requests that the Court consider imposing a non-Guideline statutory sentence.

**Offense Level**

Mr. Switzer objected to the Probation Department's conclusion regarding the offense level, claiming that his prior conviction for conspiracy to commit vehicular eluding is not a crime of violence. Defendant relies upon United States v. Fell, 511 F.3d 1035 (10th Cir. 2007) and United States v. Martinez, 602 F.3d 1166 (10th Cir. 2010).  In Martinez, the court applied the standard for a crime of violence: whether the offense as defined "presents a serious potential risk of physical injury to another."  602 F.3d at 1168.   In its analysis, the Martinez court cited United States v. Fell, 511 F.3d 1035 (10th Cir. 2007) and distinguished the inchoate offenses of attempt and conspiracy for purposes of violent crime designation.  The court in Martinez discussed the inchoate offenses of attempt and conspiracy for purposes of violent crime designation.  602 F.3d at 1168 to 1166.  In finding that conspiracy to commit a violent offense is not a violent offense under the Guidelines, the 10th Circuit Court of Appeals in Martinez stated that an "overt act" as required by the state conspiracy statute is preparatory conduct that does not readily lead to the conclusion that categorically the offense of conspiracy to commit a violent crime is a violent crime under the Sentencing Guidelines.

On the other hand, the government refers the Probation Department and this Court to United States v. Thomas, 643 F.3d 802 (10th Cir. 2011) in which the Tenth Circuit

Court of Appeals held that the crime of vehicular eluding is a crime of violence following the precedent of Sykes v. United States, 131 S.CT. 2267, 180 L.Ed.2d 60 (2011).  The Probation Department also relies upon Application Note 1 to U.S.S.G §4B1.2, which seemingly indicates that crimes of violence include aiding and abetting, attempt and conspiracy to commit violent crimes. However, the explicit language of the definition of a violent crime from §4B1.2 does not include conspiracy.  Defendant also refers the Court to the cases from the Tenth Circuit that construe conspiracy to commit a violent crime as a non-violent offense.  See Martinez and Fell, supra.

In United States v. Whitson, 597 F.3d 1218 (10th Cir. 2010), the court clarified the analytical framework for the issue.  When deciding whether a crime is "violent" courts use the "categorical" approach.  597 F.3d at 1220 (citing James v. United States, 550 U.S. 192 (2007)).  This approach looks at only the fact of conviction and the statutory elements without examining the particular facts of the case.  Id.  In this case, the conviction at issue is conspiracy to commit vehicular eluding with injury.   The essence of this conviction is a conspiracy.  This factor distinguishes the cases such as Sykes and Thomas, which hold that eluding is a crime of violence because of the risk of injury to another.  A conspiracy as observed by the court in Whitson is an agreement and an overt act, which categorically does not present a risk of injury.

Distinguishing a conspiracy to elude from eluding, Mr. Switzer maintains that his prior conviction is not a crime of violence that supports the enhancement of his current offense.

**Discussion of grounds for departure downward**

<u>Mitigated Role</u>

Mr. Switzer contends that he has a mitigated role in the instant offense. The indictment in this matter charged 16 members of the Hell's Lovers Motorcycle Club with various counts of drug distribution, possession of firearms in the course of drug distribution and maintaining drug involved premises. Based upon the Probations Department and the government's investigation, Mr. Switzer's sum total involvement in the offense was the possession of the weapon charge to which he pled guilty. There is no other conduct that involves him with this club. He does not even ride a motorcycle.

U.S.S.G. §3B1.2 does provide for either a two or four level reduction if a participant was either a minimal participant or a minor participant in any criminal activity. The evidence that the Defendant wishes to present at the hearing is that Mr. Switzer was caught with the firearm while dispossessing himself of the weapon. In other words, he was in the act of getting rid of it. Consequently, while the indictment charged activity that arguably spanned the period of time for some of the defendants from 2005 to 2011, Mr. Switzer's only involvement was a "fleeting" possession of a weapon from December 13, 2009.

However, Mr. Switzer would be remiss if he did not bring to the Court's attention that the application notes to U.S.S.G. §3B1.2 ¶3(B), which provides that a defendant who has received a lower offense than his actual conduct ordinarily does not qualify for the mitigating role adjustment. However, Mr. Switzer claims that the plea reflects his actual conduct and not some reduced offense plea bargain, because aside from drinking beer and playing pool at the clubhouse on occasion, he was not a part of any of the other charged

4

offenses in the indictment; therefore, he should receive an adjustment for being a minor participant in the criminal activity.

### Overstatement of Criminal History

U.S.S.G. §4A1.3(b) provides that the court may depart downward if a defendant's criminal history is overstated. Mr. Switzer contends that while he has many entries on his criminal history, it is nevertheless overstated. For instance, in paragraphs 37, 38, 39, 40, 43, 44, 45, and 46, Mr. Switzer accumulates 6 points all for convictions stemming from his relationship with Jennifer Cox with whom the Defendant had a child. Ms. Cox has written favorable letters about the Defendant for the purposes of the Court's consideration at this hearing (see attachments to Presentence Report). While Defendant does not minimize that he behaved badly with Ms. Cox, he asserts that he all of his poor actions were made in an effort to see his child. In three of these convictions, Defendant pled guilty in his first appearance without the benefit of legal counsel. There is no reflection from the court files that Mr. Switzer adequately waived counsel, however; efforts to obtain transcripts of the old misdemeanor pleas have proved unsuccessful (recordings maintained for two years only). While un-counseled prior convictions may be used to legally enhance his sentence, see, e.g., Nichols v. United States, 51 U.S. 738 (1994), the repeated nature of these un-counseled convictions with the same woman, who now speaks favorably of the Defendant, suggests the accumulation of 6 points for these convictions alone may overstate Mr. Switzer's criminal history. Mr. Switzer suggests the appropriate consideration of his criminal history would make him a category V, rather than VI.

### Family Ties and Responsibilities

Mr. Switzer has four dependents, three of who are with his wife Joanna Godinez (while in custody, Ms. Godinez gave birth to a boy).  Ms. Godinez has written a letter to the Court speaking to how Mr. Switzer's incarceration has worked extreme economic hardship and she has actually had to move into her parents home.  While the Guidelines (§5H1.6) do disfavor the consideration of family ties and responsibilities, a court may nevertheless consider those factors.  United States v. Munoz-Nava, 524 F.3d 1137, 1147 (10th Cir. 2008).  While hardship is not uncommon when someone is incarcerated for a crime, the circumstances her are unusual, because Mr. Switzer was incarcerated three years after his offense was committed and in that time, he rehabilitated and became a good wager earner.  See letter from Navajo Express, Inc.  Consequently, this is not merely a situation where the family would be better off if the defendant were incarcerated less, it is a situation in which the family was grinding out a decent life, but the carpet was pulled out from beneath them for an offense that occurred three years prior.  Under these unique circumstances a down ward adjustment is warranted.

### Post-arrest Rehabilitation

As previously noted, Mr. Switzer's offense occurred over three years ago.  In the time since the offense occurred, Mr. Switzer has rehabilitated greatly as demonstrated by his regular employment at Navajo Express and their letter saying, "he is greatly missed here, and we would welcome him back."  Since the crime occurred, as demonstrated by his corrections records, Mr. Switzer has maintained employment, successfully completed alcohol/substance abuse treatment, anger management counseling, community service programs, and all negative urine screens and breathalyzers.  He also completed "modules

in social skills, financial management, anger control, aggression replacement and thinking traps. See letter from Correctional Management Incorporated. He left the halfway house with a zero balance. The Sentencing Guidelines take post-offense rehabilitation into consideration. United States v. Jones, 158 F.3d 492, 502 (10th Cir. 1998)(citing U.S.S.G. §3E1.1 n.1(g)). This case present a somewhat sad, but unusual case of a young man, who led a negative life involving criminal activity, who was on the road to real rehabilitation when an offense three years prior came back to haunt and derail his rehabilitative efforts. Mr. Switzer is still committed strongly to his family and his sobriety and anger management in spite of his incarceration. His uncommon turnabout since 2009 requires the Court to consider a departure downward from the Guideline calculation.

**Discussion of Reasons for a Non-guideline Sentence**

Under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2006), sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). The Guidelines are no longer mandatory, but advisory. The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

7

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1));

2) "the kinds of sentences available" (§ 3553(a)(3);

3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§3553(a)(6); and

4) "the need to provide restitution to any victims of the offense." (§ 3553(a)(7)).

As to the §3553(a)(2) factors, Defendant states as to (A) that while there is little justification in a felon possessing a firearm, Mr. Switzer was actually dispossessing himself of the weapon when the offense conduct occurred. As to (B), deterrence is a factor that must be recognized, but it appeared as if Mr. Switzer was getting the deterrence message from 2009 until 2012 when he was arrested. As to (C), in protecting the public, the circumstances of Mr. Switzer's offense and his post offense conduct suggest the public would be protected by a low level sentence. Finally, as to (D), a lower level sentence would facilitate Mr. Switzer's ongoing rehabilitation process that was derailed by his arrest.

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: "in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

8

In conclusion, Defendant respectfully requests a departure from the Sentencing Guidelines and/or a lower non-guidelines sentence

DATED: October 17, 2012        Respectfully submitted,

s/ Jonathan S. Willett
Jonathan S. Willett, #16264
Atto1331 17th Street, Suite 608
Denver, Colorado 80202
Telephone: (303) 832-5648
Facsimile: (303) 832-7813

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2011, the foregoing Motion was sent electronically via the CM/ECF system addressed to:

Guy.Till@usdoj.gov
Assistant U.S. Attorney

s/Jonathan S. Willett

9