**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
HONORABLE MARCIA S. KRIEGER**

Courtroom Deputy:   Patricia Glover        Date:   October 30, 2012
Court Reporter:     Terri Lindblom
Probation Officer:  Gary Burney

Criminal Action No. 12-cr-00010-MSK

*Parties*:                              *Counsel*:

UNITED STATES OF AMERICA,               Guy Till

       Plaintiff,

v.

JAMES R. SWITZER,                       Jonathan Willett

       Defendant.

---

## SENTENCING MINUTES
---

**9:13 a. m.        Court in session**.

Defendant present in custody.

**Change of Plea Hearing on May 24, 2012.  Defendant pled guilty to Count 28 of the Indictment.**

Parties received and reviewed the presentence report and all addenda.

The parties **do not** dispute the facts contained in the presentence report.

The defendant **does** dispute the calculation of the sentence under the Federal Sentencing Guidelines as set forth in the original presentence report.  Argument.

The defendant **does** request departure (**Doc. #697**).  Argument.

The defendant **does**  contend  that the sentence should be different from that calculated under the Sentencing Guidelines in light of the sentencing objectives set forth in 18 U.S.C. Section 3553(a). (**Doc. #697**) Argument.

Allocution. - Statements made by:  The Government, the defendant, defense counsel.

After consideration of the provisions of 18 U.S.C. 3553 (a), the Court announces the sentence it intends to impose as reflected in the record.  Counsel are offered the opportunity for further argument.   No further argument.

Sentencing Minutes
Judge Marcia S. Krieger
Page 2


**ORDER:**     Defendant's Motion for Departure and for Non-Guideline Sentence (**Doc. #697**) is **GRANTED in part and DENIED in part.**

**THE DEFENDANT IS SENTENCED AS REFLECTED IN THE RECORD.**

The defendant is advised of his right to appeal.

**ORDER:**     Defendant is remanded to the custody of the United States Marshal for the District of Colorado.

**10:28 a.m.     Court in recess.**

Total Time:     1 hour 15 minutes.
Hearing concluded.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

District Court No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JAMES SWITZER

   Defendant.

---

## NOTICE OF APPEAL

---

  Defendant, James Switzer hereby provides notice of his appeal to the United States Court of Appeals for the Tenth Circuit from the Judgment entered in this action on the 30th day of October  2012.

       RESPECTFULLY SUBMITTED,

       Dated: November 1, 2012

        s/ Jonathan S. Willett_____
       Attorney for Defendant
       1331 17th St, Suite 608
       Denver, Colorado 80202
       Telephone: (303) 832-5648
       Facsimile:  (303) 832-7813

1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of November, 2012, a true and correct copy of the foregoing NOTICE OF APPEAL was served electronically by the ECF System addressed to:

Guy Till
U.S. Attorney's Office - Denver
1225 17th Street East #700
Denver, CO  80202
Guy.till@usdoj.gov

<span style="text-align:right">s/Susan A. Schmidt</span>

2

✎AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____ COLORADO _____

UNITED STATES OF AMERICA

## V.

JAMES R. SWITZER

**JUDGMENT IN A CRIMINAL CASE**

Case Number:         12-cr-00010-MSK-15

USM Number:          38228-013

Jonathan S. Willett, Appointed
Defendant's Attorney

## THE DEFENDANT:

[X] pleaded guilty to Count ___ Twenty-Eight of the Indictment ___

[ ] pleaded nolo contendere to Count(s) ___
which was accepted by the Court.

[ ] was found guilty on Count(s) ___
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 | Prohibited Person in Possession of Firearm | 02/13/2009 | Twenty-Eight |

The defendant is sentenced as provided in pages 2 through ___ 10 ___ of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on Count(s) ___

[X] The remaining Counts of the Indictment are dismissed as to the defendant on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 29, 2012
Date of Imposition of Judgment

s/ Marcia S. Krieger
Signature of Judge

Marcia S. Krieger, U.S. District Judge
Name and Title of Judge

November 1, 2012
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:          JAMES R. SWITZER
CASE NUMBER:        12-cr-00010-MSK-15

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
  forty (40) months.

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____   ☐  a.m.  ☐   p.m.   on   _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 12 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  | | Judgment—Page | 3 | of | 10 |

DEFENDANT:       JAMES R. SWITZER
CASE NUMBER:     12-cr-00010-MSK-15

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:    three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)    the defendant shall provide access to any requested financial information.

AO 245B      (Rev. 09/08) Judgment in a Criminal Case
             Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___10___

DEFENDANT:          JAMES R. SWITZER
CASE NUMBER:        12-cr-00010-MSK-15

## SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of _____10_____

DEFENDANT:          JAMES R. SWITZER
CASE NUMBER:      12-cr-00010-MSK-15

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B       (Rev. 09/08) Judgment in a Criminal Case
                Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ____10____

DEFENDANT:        JAMES R. SWITZER
CASE NUMBER:      12-cr-00010-MSK-15

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
  _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
  _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
  term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
  imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:




Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following Court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO 245B  (Rev. 09/08) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

| | Judgment—Page   7   of   10 |
|---|---|

DEFENDANT:       JAMES R. SWITZER
CASE NUMBER:     12-cr-00010-MSK-15

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☒   **The Court adopts the presentence investigation report without change.**

B  ☐   **The Court adopts the presentence investigation report with the following changes.**

   (Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
   (Use page 4 if necessary.)

   1  ☐   **Chapter Two of the U.S.S.G. Manual** determinations by Court (including changes to base offense level, or specific offense characteristics):

   2  ☐   **Chapter Three of the U.S.S.G. Manual** determinations by Court (including changes to victim-related adjustments,  role in the offense, obstruction of justice, multiple Counts, or acceptance of responsibility):

   3  ☐   **Chapter Four of the U.S.S.G. Manual** determinations by Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4  ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☒   No Count of conviction carries a mandatory minimum sentence.

B  ☐   Mandatory minimum sentence imposed.

C  ☐   One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

   ☐   findings of fact in this case

   ☐   substantial assistance (18 U.S.C. § 3553(e))

   ☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:   17
Criminal History Category:   VI
Imprisonment Range:   51   to   63   months
Supervised Release Range:   1   to   3   years
Fine Range: $  5,000   to  $  50,000
☒   Fine waived or below the guideline range because of inability to pay.

AO 245B     (Rev. 09/08) Criminal Judgment
            Attachment (Page 2) — Statement of Reasons

Judgment—Page ___8___ of ___10___

DEFENDANT:          JAMES R. SWITZER
CASE NUMBER:        12-cr-00010-MSK-15

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A   ☐   **The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.**

B   ☐   **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
          (Use page 4 if necessary.)

C   ☐   **The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
          (Also complete Section V.)

D   ☒   **The Court imposed a sentence outside the advisory sentencing guideline system.**  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
      ☐   below the advisory guideline range
      ☐   above the advisory guideline range

B   **Departure based on** (Check all that apply.):

    1         **Plea Agreement** (Check all that apply and check reason(s) below.):
              ☐   5K1.1 plea agreement based on the defendant's substantial assistance
              ☐   5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
              ☐   binding plea agreement for departure accepted by the Court
              ☐   plea agreement for departure, which the Court finds to be reasonable
              ☐   plea agreement that states that the government will not oppose a defense departure motion.

    2         **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
              ☐   5K1.1 government motion based on the defendant's substantial assistance
              ☐   5K3.1 government motion based on Early Disposition or "Fast-track" program
              ☐   government motion for departure
              ☐   defense motion for departure to which the government did not object
              ☐   defense motion for departure to which the government objected

    3         **Other**
              ☐   Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.**  (Use page 4 if necessary.)

AO 245B      (Rev. 09/08) Criminal Judgment
             Attachment (Page 3) — Statement of Reasons

DEFENDANT:          JAMES R. SWITZER
CASE NUMBER:        12-cr-00010-MSK-15

# STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):

[X] below the advisory guideline range

[ ] above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

    1    **Plea Agreement** (Check all that apply and check reason(s) below.):
        [ ] binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
        [ ] plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
        [ ] plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline system

    2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
        [ ] government motion for a sentence outside of the advisory guideline system
        [ ] defense motion for a sentence outside of the advisory guideline system to which the government did not object
        [X] defense motion for a sentence outside of the advisory guideline system to which the government objected

    3    **Other**
        [ ] Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system ( The defendant is sentenced as provided in pages 2 through 10of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.)

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

[X] the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

[ ] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

[ ] to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

[ ] to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

[ ] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

[ ] to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

[ ] to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use page 4 if necessary.)

AO 245B   (Rev. 09/08) Criminal Judgment
Attachment (Page 4) — Statement of Reasons

Judgment—Page ___10___ of ___10___

DEFENDANT:        JAMES R. SWITZER
CASE NUMBER:      12-cr-00010-MSK-15

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A ☒ Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons.  (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

The defendant is sentenced as provided in pages 2 through 10 of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

1          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLORADO
2
Criminal Action No. 12-cr-00010-MSK
3
UNITED STATES OF AMERICA,
4
        Plaintiff,
5
vs.
6
JAMES R. SWITZER,
7
        Defendant.
8    _____

9                    **REPORTER'S TRANSCRIPT**
                  (Sentencing Hearing:  Order)
10   _____

11         Proceedings before the HONORABLE MARCIA S. KRIEGER,

12   Judge, United States District Court for the District of

13   Colorado, commencing at 9:13 a.m., on the 30th day of October,

14   2012, in Courtroom 901A, United States Courthouse, Denver,

15   Colorado.

16                        **APPEARANCES**

17         GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

18   Suite 700, Denver, Colorado, 80202, appearing for the

19   plaintiff.

20         JONATHAN WILLETT, Attorney at Law, 1331 17th Street,

21   Suite 608, Denver, Colorado, 80202, appearing for the

22   defendant.

23
                  THERESE LINDBLOM, Official Reporter
24              901 19th Street, Denver, Colorado 80294
               Proceedings Reported by Mechanical Stenography
25                Transcription Produced via Computer

1        (The following proceedings were had and entered of

2    record after the Court heard the arguments of counsel and

3    statement of defendant:)

4        *THE COURT:*  Thank you.  I'll announce the sentence I

5    intend to impose.  Of course, counsel, you'll have an

6    opportunity to make legal objections before judgment is

7    actually entered.  If you believe that the sentence and my

8    reasoning is premised upon error or if I raise an issue that

9    you did not have adequate opportunity to consider and address,

10   I invite you to request a continuance.

11       Imposition of a sentence in a federal criminal case is

12   governed by a number of statutes.  The umbrella statute is 18

13   U.S.C. Section 3553.  In imposing sentence in this case, and in

14   other cases -- in fact, all cases -- the Court is required to

15   consider the objectives and the factors set forth in this

16   statute.  The statute requires that the sentence be sufficient

17   but not greater than necessary in order to satisfy these

18   objectives; the sentence must reflect the seriousness of the

19   offense; promote respect for the law; provide just punishment;

20   adequately deter criminal conduct; protect the public from

21   further crimes by the defendant; provide the defendant with

22   needed educational or vocational training, medical care, or

23   other correctional treatment in the most effective manner.

24       It requires me in fashioning a sentence to consider

25   particular factors:  The nature and circumstances of the

1    offense; the history and characteristics of the defendant; the

2    kinds of sentences that are available; the sentence prescribed

3    by the federal sentencing guidelines; the need to avoid

4    unwarranted sentence disparities among defendants with similar

5    records found guilty of similar conduct; and in the appropriate

6    case, the need for restitution.

7         At the beginning of this hearing, I identified the

8    documents that I had studied prior to the hearing, confirmed

9    with counsel that they and the defendant had had an opportunity

10   to review those documents, asked if there were any additional

11   documents.  Two additional documents were identified, and I

12   acknowledge that I had studied those as well.  I asked whether

13   there was any dispute as to the calculation of the sentence

14   under the federal sentencing guidelines, and there was one.

15   There are a number of requests for departure and a number of

16   requests for variance.

17        We begin with the calculation under the guidelines.

18   Mr. Switzer is convicted of violating 18 U.S.C. Section

19   922(g)(1) and 924(a)(2) and 2, by being a prohibited person in

20   possession of a firearm.

21        With regard to the calculations under the guidelines,

22   the parties have agreed that there is no factual dispute with

23   the contents of the presentence report.  Therefore, I treat the

24   facts in the report as true.

25        The Base Offense Level for violation of 18 U.S.C.

Section 922(g)(1) is set by Section 2K2.1 of the guidelines. Here it is set at level 20, based on the defendant's prior felony conviction of a crime of violence, vehicular eluding resulting in injury. This is a conviction out of the Broomfield County Court, Case No. 2006-cr-4. The first argument that is made by the defendant is that vehicular eluding should not be regarded as a crime of violence. And the conviction here, the defense argues, is based on a conspiracy to engage in vehicular eluding; and, therefore, there needs to be proof of an act in support of the conspiracy conviction. And, therefore, in the absence of an automatic element of a crime of violence in the statutory provision, it cannot be a crime of violence.

The defense argument is not well placed. **United States v. Martinez**, a Tenth Circuit decision found at 602 F.3d 1166, a 2010 decision, distinguishes between the violent felony determination under the armed criminal act, ACCA, and the violent crime definition under the sentencing guidelines. And although I believe the defendant is correct in arguing with regard to conspiracy in applying ACCA, as the Tenth Circuit notes, that definition does not apply under the sentencing guidelines. Quite to the contrary, the sentencing guidelines provide that the term "crime of violence" in Section 4B1.2 includes the offenses of aiding and abetting, conspiring and attempting to commit such offenses that is found in the note

1    following the section.  And the Tenth Circuit notes that -- in

2    *Martinez*, that the Court is required not to follow the

3    definition of the ACCA for a violent felony, but, instead, a

4    crime of violence under Section 4B1.2.

5           The defense is quite correct that the Court engages in

6    a categorical definition and turns to the statute that is

7    being -- the statute under which the conviction occurred.  And

8    the question posed to the Court is set by Section 4B1.2, does

9    that statute have an element, the use, attempted use, or

10   threatened use of physical force against the person of another?

11          Here, the violation that resulted in the conviction is

12   the violation of 18-9-116.5 of the Colorado Revised Statutes.

13   And, actually, it is subpart 2(a) of that statute, which

14   provides that vehicular eluding is a Class 5 felony, except

15   that vehicular eluding that results in bodily injury to another

16   person is a Class 4 felony, and vehicular eluding that results

17   in death to another person is a Class 3 felony.

18          Here, the conviction was vehicular eluding --

19   conspiracy to engage in vehicular eluding that results in

20   bodily injury.  By definition, if there is bodily injury, there

21   must have been the use, attempted use, or threatened use of

22   physical force in order to accomplish it.  Therefore, I find

23   that this particular conviction arising under 18-9-116.5 falls

24   within the definition of a crime of violence.  And the fact

25   that it was a conspiracy conviction does not change that

6

1    conclusion, because the notes following this subsection specify

2    that conspiracy is intended to fall within the definition of a

3    crime of violence.

4         This is bolstered by the Tenth Circuit decision of

5    **United States v. Martinez**, where the Tenth Circuit specifically

6    said, quote, The commission has determined that crimes of

7    violence for the purposes of the guidelines enhancement include

8    the offenses of aiding and abetting, conspiring and attempting

9    to commit such offenses.  This judgment was based on the

10   commission's review of empirical sentencing data and presumably

11   reflects an assessment that attempt crimes -- similar here to a

12   conspiracy crime -- often pose a similar risk of injury as

13   completed offenses.

14        As then Chief Judge Breyer explained, the commission,

15   which collects detailed sentencing data on virtually every

16   federal criminal case is better able than any individual court

17   to make an informed judgment about the relation between the

18   particular offense and the likelihood of accompanying violence,

19   citing to **United States v. Doe** at 960 F.2d 221, a First Circuit

20   Court of Appeals decision in 1992.

21        I therefore find that the offense level here is

22   properly calculated at 20.

23        Then there is a reduction in the offense level of

24   three levels for the defendant's acceptance of responsibility.

25   That's the maximum adjustment under the guidelines, and it is

1    because the provisions of Section 3E1.1(a) and (b) have been

2    satisfied.  This results in a Total Offense Level of 17.

3          The second component here is the criminal history

4    category.  And here, the Criminal History Category is

5    determined to be VI, based on 17 criminal history points.  The

6    defendant argues that this criminal history calculation

7    substantially overstates the seriousness of his actual criminal

8    history under Section 4A1.3 of the guidelines.  And he points

9    to the 6 points that are accumulated in -- as reflected in

10   paragraphs 37 through 46 of the presentence investigation

11   report.  All of these convictions involve domestic violence

12   convictions, based on -- growing out of his relationship with

13   Ms. Cox.  What the defendant contends is, since Ms. Cox now

14   supports him in this proceeding and has written a letter in

15   support of him, that the 6 points that are attributed to these

16   convictions should not be treated as being as serious as the

17   points would suggest.

18         I start with the observation that Section 4A1.3, that

19   is invoked here, requires a showing that the defendant's

20   criminal history category substantially overrepresents the

21   seriousness of the defendant's criminal history.  I note that

22   the criminal history category, which is what we focus on with

23   regard to this particular section under the guidelines, is VI.

24   And the Criminal History Category VI is reached by 13 criminal

25   history points.  Mr. Switzer has 17.  So, in essence, what

1  Mr. Switzer is arguing is that the convictions arising out of

2  his relationship with Ms. Cox overstate the seriousness of his

3  criminal history by at least 5 points.  In other words, that

4  there really should only be one criminal history point given to

5  all of these convictions, because that's the only way he would

6  get out of Criminal History Category VI.

7        Having reviewed the presentence report, I do not find,

8  first of all, that these convictions -- that the criminal

9  history substantially overrepresents the likelihood of violence

10  or the seriousness of the conduct.  And I cannot conclude that

11  even if it did result in an overstatement of the seriousness of

12  the criminal history, that it would take it out of Criminal

13  History Category VI, attributing only one criminal history

14  point to convictions that are reflected in paragraphs 37

15  through 46.

16        These convictions, although they arise in the course

17  of a domestic relationship, reflect serious physical injury.

18  They reflect, as is often the case, a change in heart between

19  the individuals involved after the incident is resolved.  But

20  the fact that Ms. Cox now supports the defendant does not in

21  any way, shape, or form reduce the seriousness of the conduct

22  that he engaged in that gave rise to the convictions.

23  Therefore, I find that Criminal History Category VI accurately

24  represents the defendant's criminal history; and I decline to

25  depart downward based on that argument.

1     With a Criminal History Category of VI and an offense

2     level of 17, the guidelines recommend incarceration of 51 to 63

3     months, supervised release of 1 to 3 years, a fine of $5,000 to

4     $50,000, and a special assessment of $100 is mandated.

5     The defendant requests downward departures from this

6     guideline range on several additional grounds.  First of all,

7     under Section 3B1.2, that he engaged in a mitigating role in

8     this offense.  I find that that section is not appropriate

9     because this offense was -- involved only one participant,

10    Mr. Switzer, who was in possession of a firearm.  In order for

11    Section 3B1.2 to apply, as noted in application note 2, the

12    offense must involve more than one participant, because this

13    particular mitigating role ground only applies by comparing the

14    behavior of different participants.  And where there is only

15    one participant, it simply is not applicable.

16    The next argument that is made is made in the context

17    of the defendant's family ties.  This is made both as a

18    departure and a variance argument.  And then there is an

19    argument of post-arrest rehabilitation made as a departure

20    argument and also as a variance argument.  Neither argument

21    gives rise to a departure under the guidelines.  Family ties

22    are a disfavored ground for a departure under the guidelines,

23    and that is because almost always a family is adversely

24    impacted by a defendant's incarceration, almost always.  There

25    is nothing new, there is nothing novel about the fact that

1   Mr. Switzer's family is adversely impacted.  We wish that

2   weren't the case.  I certainly wish that his wife and children

3   were not adversely impacted, but that's a consequence of his

4   behavior.

5        And as to the argument that he was divesting himself

6   of the weapon at the time that he was selling it and that that

7   should be taken into account, the Court finds that that is not

8   a basis either for a departure or for a variance.  That is an

9   argument of convenience made after the fact.  He was possessing

10  it prior to its sale and at the time of the sale, and whether

11  or not ever an arrest occurred after the sale is not important

12  here.

13       As to post-arrest rehabilitation, that's not

14  applicable, because the rehabilitation that is being discussed

15  here, two years on his job with progressing responsibility and

16  increasing responsible conduct with regard to his family,

17  didn't occur post-arrest.  It occurred pre-arrest.  It was

18  during the time period 2009 to 2012.

19       So that brings us, then, to the variance arguments.

20  The variance arguments I understand to be the following:

21       One, that he was trying to get rid of the gun, that

22  this has had an adverse effect on his family, that he has had

23  two years on his job at Navajo, he's progressing, he was

24  increasingly more responsible, he disavowed his prior conduct.

25  Summed up, he grew up.  He acquired a number of convictions

that put him in Criminal History Category VI, realized that
this was not a productive way to live, changed his behavior in
the last couple of years.

I hear that.  I hear that he doesn't want to be
separated from his family.  I hear that he regrets that what he
did has impacted his family.  If there were a long period of
time of behaving in a lawful fashion, this argument would be
more persuasive; but a couple of years isn't very long.  It
does reflect a change in approach, especially when you have
such a serious criminal history up to 2009; but it isn't a very
long period of time to judge the future behavior of
Mr. Switzer.

I'll give him the benefit of the doubt insofar as I
consider the sentencing objective of protecting the public.
And I do that based upon his statement that he believes that
there are other reasons beside complying with the law that
justify getting rid of a weapon and not having a weapon around
his children.  And I also give him credit for the
accomplishments that he's made over the last couple of years.
But that doesn't get him off the hook as far as a prison term
is concerned.  And that's because the sentencing objectives
also include, reflecting the seriousness of the offense,
promoting respect for the law, adequately deterring criminal
conduct, and providing him with needed educational or
vocational training, medical care, and other correctional

 1    treatment in the most effective manner.

 2         Sentencing is not about deciding who is a good person

 3    or a bad person, and it's a very ineffective way to try to

 4    judge the future behavior of anyone.  It is a time for being

 5    accountable for past events, past behavior; and that's what

 6    Mr. Switzer is being held accountable for.  Now, it may in his

 7    mind be water far under the bridge because he's changed his

 8    approach to life, but he's still accountable for it.  He still

 9    was in possession of a gun, and he sold or attempted to sell

10    the gun, and his possession and his attempt to sell were

11    illegal.

12         I believe that a slight variance is appropriate in

13    deference to the interruption in criminal behavior.  I intend

14    to impose a sentence of incarceration of 40 months of

15    imprisonment, followed by 3 years of supervised release.  I

16    find that he lacks the ability to pay a fine, and, therefore,

17    do not intend to impose one.  And in addition, specifically

18    find that the payment of the fine would create hardship for

19    those that are dependent upon him.  And a special assessment of

20    $100 is mandated by statute.

21         Any need for clarification, further explanation,

22    objection, or request for a continuance?

23         *MR. TILL:*  Not from the Government, Your Honor.

24         *MR. WILLETT:*  May I have a moment, ma'am?

25         I guess to the extent that our memorandum contradicts

1    some of the Court's findings, we would maintain an objection on

2    that part.

3            We would just ask that the Court also consider making

4    a recommendation for the F.C.I. Florence.

5            *THE COURT:*  I decline that request, and I do so as a

6    matter of consideration both in this case and every other case.

7            First of all, notwithstanding the fact that

8    Mr. Willett has told the defendant that it doesn't matter

9    whether I give a recommendation or not, that doesn't influence

10   the Bureau of Prisons.  I want -- I do not wish to create any

11   expectation that it does.  My experience in making

12   recommendations is that the Government -- that the Bureau of

13   Prisons follows them less than half the time.  And therefore,

14   they are essentially meaningless.

15           Secondly, what the Bureau of Prisons takes into

16   account in making an assignment includes the proximity to

17   family, it includes the security concerns and bed space.  As to

18   the second and third considerations, I have no information and

19   cannot assess that.  And finally, part of the sentencing

20   objective here is to provide the defendant with needed

21   educational or vocational training, medical care, or other

22   correctional treatment in the most effective manner.

23           Mr. Switzer, there are a variety of different programs

24   available at different institutions; and I strongly recommend

25   that you focus on the program that is going to provide you with

1  the best skill set when you get out of prison.  Whether you go

2  back to Navajo or you go to some other location to work, you

3  need to come out a better person than you went in.  And

4  selecting or choosing or making -- requesting a recommendation

5  for a location close to your family may be emotionally

6  satisfying at this point; but in the long run, it's not going

7  to help you.  What will help you is having a better skill set.

8       So I strongly recommend that when you meet with the

9  Bureau of Prisons, you arm yourself with information about

10  those facilities that are hopefully close enough for your

11  family to visit and also have the kinds of programs that will

12  aid you once you get out of prison.  That's part of this new

13  responsibility that you're espousing.

14       Any need for further clarification or explanation?

15       *MR. WILLETT:*  No, ma'am.

16       *THE COURT:*  All right.  For the Government?

17       *MR. TILL:*  No, Your Honor.  Thank you.

18       *THE COURT:*  Then having considered both the sentencing

19  objectives and the sentencing factors, and previously having

20  determined the sentence which is sufficient but not no greater

21  than necessary to satisfy those sentencing objectives, pursuant

22  to the Sentencing Reform Act of 1984, it is the judgment of the

23  Court that the defendant, James R.  Switzer, be committed to

24  the custody of the Bureau of Prisons to be imprisoned for a

25  term of 40 months.

1          Upon release from imprisonment, he'll be placed on

2    supervised release for a term of 3 years.  Within 72 hours of

3    release from the custody of the Bureau of Prisons, he will

4    report in person to the probation office in the district to

5    which he is released.  While on supervised release, he will not

6    commit another federal, state, or local crime; he'll not

7    possess a firearm as defined in 18 U.S.C. Section 921; and

8    he'll comply with the standard conditions that have been

9    adopted by the Court.  He'll not unlawfully possess a

10   controlled substance, he'll refrain from any unlawful use of a

11   controlled substance, and he will submit to one drug test

12   within 15 days of release on supervised release and at least

13   two periodic tests thereafter.  He'll cooperate in the

14   collection of DNA as directed by the probation officer.

15          And I find that there are special conditions of

16   supervision that are reasonably related to the factors

17   enumerated in 18 U.S.C. Section 3553(a) and 18 U.S.C. Section

18   3583(d).

19          The special condition that is appropriate in this

20   circumstance is that the defendant participate in and

21   successfully complete a program of testing and/or treatment for

22   substance abuse as approved by the probation officer until such

23   time as he is released from the program by the probation

24   officer.  He'll abstain from the use of alcohol or other

25   intoxicants during the course of treatment.  And to the extent

1    he is able to and directed to by the probation officer, he'll

2    pay for the cost of treatment.

3            No fine is imposed for the reasons specified.  The

4    statute mandates the imposition, however, of a special

5    assessment of $100, which is due immediately.

6            Mr. Switzer, I advise you of your right to appeal this

7    sentence.  In order to appeal, you must file a Notice of Appeal

8    within 14 days after entry of judgment.  If you do not file a

9    Notice of Appeal within that time period, you lose your right

10   to appeal.  Now, ordinarily, Mr. Willett would file that Notice

11   of Appeal for you.  But if he's unable to do so or unwilling to

12   do so, if you request, I'll direct the Clerk of the Court to

13   file the Notice of Appeal for you.

14           Is there any further business to bring before the

15   Court?

16           *MR. TILL:*  No, Your Honor.  Thank you.

17           *MR. WILLETT:*  No, ma'am.

18           *THE COURT:*  Thank you, Mr. Till; thank you,

19   Mr. Willett; thank you to our probation officer, marshal staff,

20   and court staff.  Mr. Switzer will be remanded to the custody

21   of the United States Marshal.  We'll stand in recess.

22           (Recess at 10:28 a.m.)

23

24

25

1                      REPORTER'S CERTIFICATE

2

3          I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
4

5          Dated at Denver, Colorado, this 31st day of October,

6     2012.

7                                      s/Therese Lindblom

8                          _____

9                          Therese Lindblom,CSR,RMR,CRR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    GEORGE H. ASKEW,
2.    ROMELL E. BULLOCK,
3.    GREGORY A. COLLINS,
4.    GEORGE A. GADDY,
5.    DELBERT J. GARDNER,
6.    RICHARD JOHNSON,
7.    SHEPS H. KHAMSAHU,
8.    ERIC LUGO,
9.    LAWRENCE T. MARTIN,
10.   JOHNIE A. MYERS,
11.   DARELL R. PARKER,
12.   CALVIN R. RILEY,
13.   COREY L. RILEY,
14.   THOMAS A. SCHRAH, JR.,
15.   **JAMES R. SWITZER**, and
16.   CLIFFORD M. WRIGHT,

        Defendants.

---

**ORDER DISMISSING REMAINING CHARGES
AS TO DEFENDANT JAMES R. SWITZER ONLY**

---

THIS MATTER comes before the Court on the Government's Rule 48 Motion to Dismiss Remaining Charges as to Defendant James r. Switzer Only (Motion) **(#722)** filed October 29, 2012. Having reviewed the Motion, the Court FINDS that:

1.    Defendant James R. Switzer entered a guilty plea to Count Twenty-Eight of the

    Indictment as part of a plea agreement on file in United States District Court for

the District of Colorado, Case Number 12-cr-00010-MSK-15 (DOC 445).

    2.    Judgment of Conviction has entered as to Count Twenty-Eight.

Accordingly,

    **IT IS ORDERED** that the Motion is **GRANTED** and the First Superseding Indictment (DOC 180), and Count Thirty-Two of the January 9, 2012, Indictment (DOC 1), in the above captioned case, as to defendant James R. Switzer, only, are hereby dismissed.

    DATED this 1st day of November, 2012.

                 **BY THE COURT:**

                 _____

                 Marcia S. Krieger
                 United States District Judge