IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES R. SWITZER,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Hearing on Change of Plea)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER,

Judge, United States District Court for the District of

Colorado, commencing at 11:09 a.m., on the 24th day of May,

2012, in Courtroom A901, United States Courthouse, Denver,

Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

Suite 700, Denver, Colorado, 80202, appearing for the

plaintiff.

    JONATHAN WILLETT, Attorney at Law, 1331 17th Street,

Suite 608, Denver, Colorado, 80202, appearing for the

defendant.

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Paul Zuckerman, 901 19th Street,
Room A259, Denver, Colorado, 80294, (303) 629-9285

1                          **PROCEEDINGS**

2          (In open court at 11:09 a.m.)

3                  *THE COURT:*  Please be seated.

4                  We're convened this morning in Case No. 12-cr-10.

5     This is encaptioned the United States of America vs. James R.

6     Switzer.  And the matter is set down for a change in plea.

7                  Could I have entries of appearance, please.

8                  *MR. TILL:*  Good morning.  Your Honor, I'm Guy Till.

9     I'm an Assistant United States Attorney.  Also present at

10    counsel table to assist me this morning is ATF Special Agent

11    Jason Cole, your Honor.

12                 *THE COURT:*  Good morning and welcome.

13                 *MR. TILL:*  Thank you, your Honor.

14                 *MR. WILLETT:*  Good morning, Judge.  Jonathan Willett

15    for Mr. Switzer.  And he appears at my left in custody.

16                 *THE COURT:*  Good morning and welcome.

17                 Are you all ready to proceed?

18                 *MR. TILL:*  Yes, your Honor.

19                 *MR. WILLETT:*  Yes, ma'am.

20                 *THE COURT:*  Thank you.  Mr. Willett, would you and

21    your client please approach the lectern.

22                 This matter is before the Court for a change in the

23    defendant's plea, for re-arraignment pursuant to Rule 10, and

24    for consideration of and advisement with regard to the parties'

25    plea agreement in accordance with Rule 11, both of the Rules of

 1    Criminal Procedure.

 2         The case began with an indictment filed on January 9,

 3    2012, in which Mr. Switzer was charged in Counts 28 and 32.

 4         Mr. Till, has there been a superseding indictment in

 5    this case?

 6         MR. TILL:  Yes, your Honor, there is.  And he's

 7    charged in the same counts in the superseding; but we're asking

 8    him to plead today to Count 28 of the original indictment.

 9         THE COURT:  The original, not the superseding

10    indictment?

11         MR. TILL:  Yes, your Honor.

12         THE COURT:  My understanding is that the superseding

13    indictment replaces the original indictment.

14         MR. TILL:  Your Honor, they both remain viable.  The

15    case law is that they're both viable and we could proceed under

16    either.

17         THE COURT:  Okay.  So are you going to be dismissing,

18    then, the counts in the superseding indictment?

19         MR. TILL:  Yes, your Honor.  As to Mr. Switzer, we

20    are.  I should have explained that.  I apologize.

21         THE COURT:  Okay.

22         MR. WILLETT:  If I may, Judge, just to complete the

23    record, he's also charged in Count 1.

24         THE COURT:  The docket doesn't show that.

25         MR. WILLETT:  Yeah, I have the -- well, at least in

| | |
|---|---|
| 1 | the -- |
| 2 | *MR. TILL:*  Your Honor, I'm sorry.  Can I show the |
| 3 | indictment to Mr. Willett? |
| 4 | *THE COURT:*  Sure. |
| 5 | *MR. WILLETT:*  Oh.  I guess not in the superseding; but |
| 6 | in the original one, he is. |
| 7 | *MR. TILL:*  This is the original. |
| 8 | *MR. WILLETT:*  Oh, it is? |
| 9 | I stand corrected.  I apologize, your Honor. |
| 10 | *THE COURT:*  Okay.  So the Government's going to be |
| 11 | dismissing Count 32 in the original indictment and all the |
| 12 | counts in the superseding indictment; correct? |
| 13 | *MR. TILL:*  As to Mr. Switzer, yes, your Honor. |
| 14 | *THE COURT:*  Thank you. |
| 15 | Would you please re-arraign, then, on Count 28 of the |
| 16 | original indictment. |
| 17 | *MR. TILL:*  Yes, your Honor. |
| 18 | Sir, are you the same James R. Switzer who is named in |
| 19 | Count 28 of the indictment filed in this case? |
| 20 | *THE DEFENDANT:*  Yes, sir. |
| 21 | *MR. TILL:*  Sir, in Count 28, the grand jury alleges |
| 22 | that on or about February 13, 2009, within the State and |
| 23 | District of Colorado, the defendant, James R. Switzer, |
| 24 | knowingly possessed a firearm and ammunition which had been |
| 25 | transported in interstate commerce, having been convicted |

1    previously of a crime punishable by imprisonment for a term

2    exceeding one year, all in violation of Title 18 United States

3    Code Sections 922(g)(1), 924(a)(2), and 2.

4           Sir, do you feel like you understand this charge?

5           THE DEFENDANT:  Yes, sir.

6           MR. TILL:  Do you have any questions about it, sir?

7           THE DEFENDANT:  No, sir.

8           MR. TILL:  Sir, today how do you wish to plead to this

9    charge and how do you plead to this charge?  Do you plead not

10   guilty today, or do you plead guilty?

11          THE DEFENDANT:  I plead guilty.

12          MR. TILL:  Thank you, sir.

13          THE COURT:  As of this moment, Mr. Switzer, you're not

14   bound by your plea of guilty.  Indeed, you're not bound by this

15   plea until I accept it.  You can change your mind at any time

16   during this hearing before I accept your plea.  In order for me

17   to accept your plea, I have to be sure that you understand the

18   charge that has been brought against you, you understand your

19   choices and the consequences that flow from those choices.  I

20   have to be sure that you understand both those choices and

21   consequences; that your decision to plead guilty and to waive

22   other constitutional rights is voluntary and you haven't been

23   pressured into that decision, and I have to find that there is

24   a factual basis for your plea.

25          Throughout this hearing, I want you to let me know if

1    there is anything you don't understand or if you have any

2    questions.  And if you'd like to talk to Mr. Willett at any

3    time, just let me know and we'll take a brief recess so you can

4    confer privately.

5            I begin with a number of questions.  These questions

6    are not intended to trap, embarrass, insult, or offend you.

7    The questions are important because your answers are important.

8    It's your answers I evaluate in order to determine whether I

9    can accept your plea or not.  Therefore, it's important that

10   you answer the questions that I ask truthfully and completely.

11   If you don't, your answers can be used against you if a case is

12   brought against you for false statement or perjury, because

13   just like a witness, you take a solemn oath promising to tell

14   truth.

15           Do you understand?

16           *THE DEFENDANT:*  Yes, ma'am.

17           *THE COURT:*  Are you ready to proceed?

18           *THE DEFENDANT:*  Yes, ma'am.

19           *THE COURT:*  Would you please administer the oath.

20      (Defendant sworn.)

21                              **EXAMINATION**

22   *BY THE COURT:*

23   *Q.*  Mr. Switzer, how old are you?

24   *A.*  29.

25   *Q.*  What level of school did you complete?

1    *A.*   I got a GED.

2    *Q.*   Do you have any difficulty reading or writing?

3    *A.*   No, ma'am.

4    *Q.*   Within the last 24 hours, have you taken any medication?

5    *A.*   No, ma'am.

6    *Q.*   Within the last 24 hours, have you used any drug or

7    alcohol?

8    *A.*   No, ma'am.

9    *Q.*   To the best of your knowledge, have you ever been diagnosed

10   with a form of mental illness?

11   *A.*   No, ma'am.

12   *Q.*   Is there anything about the way you feel today physically

13   or emotionally that makes it hard for you to understand what is

14   happening?

15   *A.*   No, ma'am.

16   *Q.*   Have you read and do you understand the charges against you

17   in the original indictment and in the superseding indictment?

18   *A.*   Yes, ma'am.

19   *Q.*   Have you discussed these with Mr. Willett?

20   *A.*   Yes, ma'am.

21   *Q.*   Have you asked him all the questions you had about them?

22   *A.*   Yes, ma'am.

23   *Q.*   Has he answered all your questions?

24   *A.*   Yes.

25   *Q.*   Are there any other questions you want to ask him?

1    *A.*  No, ma'am.

2           *THE COURT:*  Thank you.

3           Mr. Willett, could you identify the plea agreement for

4    the record, please.

5           *MR. WILLETT:*  Sure.  Ma'am, the plea agreement is

6    marked as Court Exhibit 1.

7           *THE COURT:*  Thank you.

8    *BY THE COURT:*

9    *Q.*  Mr. Switzer, would you look at Exhibit 1 there, please.

10          Have you read that document?

11   *A.*  Yes, ma'am.

12   *Q.*  Have you discussed it with your attorney, Mr. Willett?

13   *A.*  Yes, ma'am.

14   *Q.*  Have you asked him all the questions that you had about it?

15   *A.*  Yes, ma'am.

16   *Q.*  Has he answered all of your questions?

17   *A.*  Yes, ma'am.

18   *Q.*  Are there any other questions you want to ask him?

19   *A.*  No, ma'am.

20   *Q.*  Now, there is a lot of legal language in this document.  Do

21   you understand what it says and what it means?

22   *A.*  I do, ma'am, understand.

23   *Q.*  Does reflect all of your agreement with the Government?

24   *A.*  Yes, ma'am.

25   *Q.*  Did you sign it?

1  *A.*  Yes, ma'am.

2  *Q.*  Would you look at the last page, please.  Is that your

3  signature?

4  *A.*  Yes, ma'am.

5  *Q.*  Thank you.  Now, there are some specific portions in this

6  agreement that I'd like to call to your attention.  If you'll

7  turn to page 3 in subpart E -- I'm sorry -- subpart C -- and

8  it's actually on page 2 -- you'll see that there are references

9  here to your right to appeal the sentence that is imposed.  And

10  you'll see here that you are giving up that right to appeal the

11  sentence by entering into this agreement except under very

12  narrow circumstances.  You'll only be able to appeal your

13  sentence if the penalty that is imposed exceeds that authorized

14  by the statute of conviction, or if I depart or vary upwardly

15  from the applicable sentencing range, or if I determine that

16  the adjusted offense level is greater than 20 and I impose a

17  sentence based on that offense level determination.

18          Do you understand that?

19  *A.*  Yes, ma'am.

20  *Q.*  You also are giving up your right to challenge the way this

21  case has been prosecuted, your conviction, and your sentence

22  under a statute, 28 U.S.C. Section 2255.  We often refer to

23  that as a writ of *habeas corpus*.  And you ordinarily would have

24  rights to challenge the conviction and the sentence and the

25  prosecution after the case is concluded by way of a civil

1    action; but you're giving that up as well except in very

2    limited circumstances.  You won't be able to use those rights

3    unless there is a retroactive change in the applicable

4    guidelines or sentencing statute or unless you're asserting a

5    claim that Mr. Willett didn't provide you with effective

6    assistance of counsel, or unless you are pursuing a claim of

7    prosecutorial misconduct.  Do you understand that?

8    *A.*  Yes, ma'am.

9    *Q.*  And do you understand that this particular waiver is

10   released if the Government appeals the sentence imposed by the

11   Court?

12   *A.*  Yes, ma'am.

13           *THE COURT:*  Mr. Willett, does Exhibit 1 also bear your

14   signature?

15           *MR. WILLETT:*  It does, ma'am.

16           *THE COURT:*  Did you review the plea agreement with

17   Mr. Switzer?

18           *MR. WILLETT:*  I did.

19           *THE COURT:*  I'm sure you answered all of his

20   questions.

21           *MR. WILLETT:*  I did.

22           *THE COURT:*  Are you satisfied that he understands the

23   contents of Exhibit 1?

24           *MR. WILLETT:*  I am.

25           *THE COURT:*  I'm sure you reviewed all the discovery.

1    Does it comport with the facts that are recited here?

2           MR. WILLETT:  It does.

3           THE COURT:  Thank you.

4           I have a question for you.  There are provisions in

5    this agreement that suggest that for purposes of sentencing,

6    the probation officer who is preparing the presentence report

7    can investigate and gather other relevant information from

8    outside this plea agreement.  Now, ordinarily I issue an order

9    precluding that.  Like Judge Matsch, I don't believe it's fair

10   to the defendant.

11          Since your client has entered into this agreement, are

12   you asking me not to issue the order that I ordinarily do?

13          MR. WILLETT:  Well, Judge, we are comfortable if the

14   Court issues an order in compliance with the agreement, but I

15   think both I and Mr. Till would not object if the Court issues

16   its regular order in these matters.

17          THE COURT:  Mr. Till, what's your view on this?

18          MR. TILL:  Your Honor, I understand the Court issues

19   the order.  And I've practiced before Judge Matsch.  I

20   understand the practice, and I have no problem with this

21   court -- I never had a problem with Judge Matsch, either.  So I

22   would ask the Court to issue its normal order.

23          And I apologize.  I'm just trying to -- I tried to

24   rewrite these, use the template language that came through.

25   And I obviously didn't think of everything that the template --

1    THE COURT:  Okay.  Thank you for the clarification.

2    I'll just issue my standard order.

3         Mr. Till, does Exhibit 1 bear your signature?

4         MR. TILL:  It does, your Honor.

5         THE COURT:  Mr. Switzer, in Exhibit 1 there is

6    statement of what the Government believes it could prove if

7    this matter were to go to trial.  Even though the plea

8    agreement refers to these facts as facts that may be proved at

9    trial, you should understand that by entering into this plea

10   agreement, you're admitting that these facts are true.  And I

11   would treat them as true for purposes of both considering your

12   plea and also for purposes of sentencing.

13        Therefore, I'm going to ask Mr. Till to read to you

14   the facts that you're admitting.  Listen closely to what he

15   says because when he finishes, I'm going to ask you whether

16   these facts are, indeed, true.  And you must tell me if you

17   have any disagreement with the facts recited by Mr. Till.

18        Mr. Till, would you please recite the facts that the

19   Government contends Mr. Switzer is admitting.

20        MR. TILL:  Yes, your Honor.

21        If it please the Court, Counsel, your Honor, on or

22   about February 13, 2009, an undercover ATF Special Agent drove

23   a confidential human source of information, who was cooperating

24   with the investigation, to a meeting with the defendant,

25   Mr. James R. Switzer.

1        Before the meeting, earlier, the CI and the defendant

2   discussed a transaction in which defendant would provide the

3   confidential informant with a pistol and the confidential

4   informant would pay the defendant $150 for the pistol.  The

5   meeting took place near 3855 Lima Street, Denver, Colorado, a

6   location that is within the State and District of Colorado.

7        At trial, there would be testimony the defendant

8   approached the vehicle on the passenger's side and handed the

9   confidential informant a plastic grocery bag containing one

10  Raven Arms .25 caliber pistol, a magazine, and a box of

11  ammunition, and the confidential informant provided Mr. Switzer

12  with $150.

13       At trial, there would be testimony that said Raven

14  Arms .25 caliber pistol had a broken firing pin but was

15  otherwise serviceable and in condition where it could be

16  readily restored to working operation.

17       At trial, there would be testimony the pistol had been

18  transported in and affecting interstate commerce.

19       At trial, there would be evidence of the defendant

20  having been convicted of a state felony punishable by

21  imprisonment for a term exceeding one year: specifically,

22  conspiracy to commit vehicular eluding resulting in injury.

23       And all of these elements, your Honor, we would

24  contend establish a violation of Title 18 United States Code

25  Section 922(g).

1    *BY THE COURT:*

2    *Q.*  Mr. Switzer, putting aside the reference that at trial

3    there would be evidence offered, are all the factual statements

4    here true?

5    *A.*  Yes, ma'am.

6    *Q.*  Thank you.  Let's talk a little bit about penalty, then.

7            The penalty for the offense charged in Count 28 has a

8    maximum of 10 years of imprisonment, a maximum fine of

9    $250,000.  Both can be imposed.  The term of supervised release

10   can be as long as three years, and it follows after a term of

11   imprisonment.  And there is a $100 special assessment fee.

12           Now, in the federal system, we don't measure terms of

13   incarceration in terms of years; we measure them in terms of

14   months.  There is no automatic reduction, and there is no

15   parole.  That means that every month you're sentenced to serve,

16   you will serve.

17           Now, there are a limited number of ways to reduce a

18   sentence, some of which you're giving up in this agreement.

19   First, the Government could file a motion shortly after

20   judgment's entered to reduce the sentence.

21           Second, you would have the right to appeal, and if you

22   were successful, seek resentencing.  But remember, you're

23   giving up most of your rights to appeal.

24           Third, you could by way of a civil action challenge

25   the conviction and the sentence.  But remember under the terms

1    of the plea agreement, except under very limited circumstances,

2    you're giving up that right, too.

3           And then finally, the Bureau of Prisons has discretion

4    to give you some credit against your sentence if you follow

5    their rules and regulations.  Their discretion is limited to 54

6    days per year.  It's not automatic.  It depends on your

7    behavior and their decision, and they make that decision

8    independently each and every year.

9           Now, after completion of a term of incarceration,

10   there is a period of supervised release.  And when you're on

11   supervised release, you're required to abide by a number of

12   conditions that regulate your behavior.  A probation officer

13   supervises you to make sure you follow those conditions.  And

14   it's important that you follow all of the conditions all of the

15   time.  It's not good enough to follow some of them some of the

16   time or try to follow all of them all the time.  You have to

17   follow all of them all of the time.

18          They fall into two different categories, standard

19   conditions and special conditions.  Standard conditions apply

20   to all terms of supervised release.  And there are lots of

21   those.  I'm just going to mention three, but you should

22   understand there are many more.  You can't commit any new

23   crimes, state, federal, or local.  You cannot possess or sell

24   or use any illegal substances.  You cannot use, sell, or

25   possess any prohibited firearms or destructive devices.

1          Now, as I said, there are lots of other standard

2    conditions.

3          Then there are special conditions.  And special

4    conditions are unique to you and your particular circumstances.

5    They often have to do with problems that you may have had that

6    affect criminal behavior.  So if you've had an issue with using

7    illegal substances, you likely will be required to have

8    periodic drug checks and participate in a drug rehabilitation

9    program.  If you've abused alcohol in the past, you may be

10   required to participate in an alcohol rehabilitation program or

11   take Antabuse.  If you've had mental health issues in the past,

12   you may be required to participate in a mental health

13   evaluation and treatment program.  And you may be required to

14   pay for all of these particular programs.

15         Now, the important thing is that you understand what

16   happens if you violate the terms and conditions of supervised

17   release.  And this is where it is important to understand you

18   have to follow all of them all of the time.  If you don't, the

19   probation office, through the Government, can bring you back to

20   this courtroom or to another courtroom and ask that your

21   supervised release term be revoked and that you be sent back to

22   prison for another term.

23         Now, the penalty that will be imposed in this case is

24   not just a function of the statute of conviction.  In deciding

25   what penalty is appropriate, there are other statutes that come

1    into play; but the most general of these is 18 U.S.C. Section

2    3553, which obligates me to impose a sentence that is

3    sufficient but not greater than necessary to accomplish

4    particular objectives.  Your sentence, like all other

5    sentences, has to promote respect for the law, provide just

6    punishment, adequately deter criminal conduct, protect the

7    public from further crimes by you, and provide you with needed

8    educational or vocational training, medical care, or other

9    correctional treatment in the most effective manner.

10        This same statute tells me what factors I can

11   consider: the nature and circumstances of the offense, your

12   history and characteristics, the kinds of sentences that are

13   available, what the Federal Sentencing Guidelines would

14   require, the need to avoid unwarranted sentence disparities

15   among defendants with similar records found guilty of similar

16   conduct, and in the appropriate case the need for restitution.

17        I know that your attorney and the Government's

18   attorney have calculated the sentence range they think will

19   apply under the Federal Sentencing Guidelines.  And those

20   calculations start on page 7 in Exhibit 1.  There are several

21   things that you need to know about these calculations.  First

22   of all, they're not binding.  There is no guaranteed sentence

23   here.

24        Secondly, these are an estimate that the attorneys

25   have made based upon the information they had at the time you

1   entered into the plea agreement; but at the time of sentencing,

2   we will not be working from these calculations.  In fact, we

3   won't be working from this document at all.

4        We'll be working from another document called the

5   presentence report, and it's prepared by the probation office

6   of the Court.  You and Mr. Willett will meet with the probation

7   officer who is going to prepare the report, and that officer

8   will gather information from other sources that go into the

9   report.

10        That information will yield a calculation in the

11   report as to how the Sentencing Guidelines apply.  Sometimes

12   the calculation in the presentence report isn't the same as the

13   calculation in the plea agreement, and that's one of the

14   reasons I know you and Mr. Willett and Mr. Till will carefully

15   review the presentence report in order to determine whether

16   there is any error or mistake in it and to bring that to the

17   attention of the probation officer.  If the probation officer

18   doesn't adequately address your concern, that's one of the

19   issues you can raise at the time of sentencing.

20        Finally you should understand that the calculation

21   under the guidelines is only one factor that I consider in

22   determining your sentence.  It's an important factor but it's

23   not the only factor.  It's a starting point but it's not

24   necessarily the ending point.  And that's because the sentence

25   that is imposed has to satisfy those sentencing objectives I

1    mentioned a couple of minutes ago.  And if the calculations

2    under the Sentencing Guidelines don't accomplish those

3    objectives, then I can impose a non-guideline sentence.

4    Sometimes people call that a statutory sentence or a variant

5    sentence; but the fact of the matter is, they all mean the same

6    thing.  They're a non-guideline sentence.  And a non-guideline

7    sentence can be higher than or lower than the guideline

8    calculations, whatever is necessary in order to meet those

9    statutory objectives.

10          Now, your sentencing hearing will occur a number of

11   weeks from now.  And as I explained, the probation officer will

12   prepare the presentence report and you and your attorney and

13   the Government's attorney will have an opportunity to review

14   it.

15          Don't be confused by the title probation officer.  Has

16   nothing to do with the penalty, just the title of the person

17   preparing the report.

18          At the time of sentencing, your attorney and the

19   Government's attorney will have the opportunity to make an

20   argument as to what sentence should be imposed.  And that might

21   include what's in the report, whether it should be a guideline

22   sentence or a non-guideline sentence, or where in the guideline

23   range the sentence should be set.  You'll have an opportunity

24   to make a statement, but nobody else will be able to make a

25   statement on your behalf.  In fact, if there are family or

 1   friends who want to make a statement on a your behalf, they

 2   should write a letter to the probation officer, not to me, but

 3   to the probation officer.  Those letters are attached to the

 4   presentence report that I consider.

 5             Do you understand the objectives and factors that I'll

 6   be evaluating in determining your sentence?

 7   A.  Yes, ma'am.

 8   Q.  Do you understand the maximum sentence that can be imposed?

 9   A.  Yes, ma'am.

10   Q.  Do you understand the charge that you're pleading guilty to

11   is a felony charge?

12   A.  Yes, ma'am.

13   Q.  Do you understand that may affect your civil rights, your

14   right to vote and serve on a jury, hold elective office,

15   possess firearms, and even obtain a number of licenses?

16   A.  Yes, ma'am.

17   Q.  Do you understand the sentence I impose may be more severe

18   than what has been calculated in Exhibit 1?

19   A.  Yes, ma'am.

20   Q.  And do you understand if I accept your plea today, no

21   matter what the sentence is, you won't be able to withdraw it

22   at the time of sentencing?

23   A.  Yes, ma'am.

24   Q.  Do you have any questions about sentencing?

25   A.  No, ma'am.

1     THE COURT:  Then let's turn to the defendant's

2   statement in advance.

3          Mr. Willett, could you identify that, please.

4     MR. WILLETT:  The statement in advance of plea of

5   guilty is marked as Court Exhibit 2.

6          THE COURT:  Thank you.

7   BY THE COURT:

8   Q.  Mr. Switzer, would you look there to Exhibit 2.

9          Have you read that document?

10  A.  Yes, ma'am.

11  Q.  Have you discussed it with Mr. Willett?

12  A.  Yes, ma'am.

13  Q.  Asked him all the questions you had?

14  A.  Yes, ma'am.

15  Q.  Has he answered all your questions?

16  A.  Yes, ma'am.

17  Q.  Did you sign that document?

18  A.  Yes, ma'am.

19  Q.  Is that your signature at the end of the document?

20  A.  Yes, ma'am.

21  Q.  Thank you.

22          Well, let's go over the constitutional rights you're

23  giving up today by making your plea of guilty.  Under the

24  United States Constitution, you have a number of rights and

25  protections, and you're giving up or waiving a number of these

1    by making your plea of guilty today in accordance with this

2    plea agreement.

3            First and foremost, the Constitution guaranties to you

4    that you have a right to have a jury of your peers determine

5    whether you are guilty of the charges brought against you.  We

6    call that a jury trial.  And ordinarily, it would take place in

7    this courtroom.  The jury would sit to my left in the jury box.

8    Twelve people would serve on that jury, and you and your

9    attorney and the Government's attorney would participate in the

10   selection of the people who would serve on that jury.

11           Both you and the Government could exclude any

12   potential juror because the person has such extreme views that

13   he or she can't be fair and impartial or because the person is

14   either unwilling or unable to follow the law.  In addition,

15   there are a certain number of people that you can excuse and a

16   certain number the Government can excuse without giving any

17   reason whatsoever.

18           Once the jury is configured, every juror takes a

19   solemn oath promising to consider only the evidence presented

20   in the courtroom and to follow the instructions they receive as

21   to the law.  One of the instructions that I give them tells

22   them that they can't convict you unless they unanimously agree

23   that the Government has proved every element of the charge

24   against you beyond a reasonable doubt.  If any one of them has

25   a reasonable doubt as to your guilt, you cannot be convicted.

1        Now, during the trial process, you have a number of

2   other constitutional rights; for example, the right to remain

3   silent.  That means that you don't have to speak, you don't

4   have to testify, you don't have to answer any questions; but in

5   addition, the jury can't consider your silence in determining

6   whether the Government has proven the case.  And your attorney

7   gets the opportunity to cross-examine all of the Government's

8   witnesses, object to its evidence, and argue to the jury.

9        Now, in addition, you can waive that right at the time

10  of trial or before trial if you want to.  You can testify if

11  you want to.  Your attorney can call witness on your behalf.

12  In fact, if there are witnesses that are reluctant to come

13  forward to testify, I would compel them to do so.

14       During the trial process, you have yet another

15  constitutional right.  And that's the right to be represented

16  by an attorney and where you can't afford an attorney to have

17  one appointed to represent you without any cost to you.

18       Now, Mr. Willett has been representing you thus far in

19  this case and has negotiated this plea agreement; but if you

20  would rather go to trial rather than to pursue this plea, I

21  have the expectation that he would represent you well and ably

22  at the time of trial.  And if you went to trial and you were

23  convicted, you could appeal both from your conviction and from

24  your sentence, and you would have your right to exercise and

25  file a writ of *habeas corpus*.

1          But today, by making your plea of guilty, you are

2    giving up the right to the trial and all the rights that go

3    with it.  You won't be able to appeal from your conviction, and

4    for the most part you won't be able to appeal from your

5    sentence, and for the most part you won't be able to bring an

6    action on a writ of *habeas corpus* to challenge what has

7    happened in this case.

8          Do you understand that you will waive your right to a

9    jury trial and other constitutional rights associated with it

10   if you proceed with your plea of guilty?

11   *A.*  Yes, ma'am.

12   *Q.*  Is that what you want to do?

13   *A.*  Yes, ma'am.

14   *Q.*  Where are you currently being housed?

15   *A.*  Jefferson County.

16   *Q.*  Have you been treated all right?

17   *A.*  Yeah.  Fairly.

18   *Q.*  Has anybody there or anybody else pressured you to make

19   this plea today?  And before you respond, let me urge you to

20   use the word -- define the word "anybody" as broadly as

21   possible: family, friends, neighbors, strangers, acquaintances,

22   folks at Jeffco, folks that have transported you here, people

23   here at the court, the attorneys, or anybody else.  Has anybody

24   pressured you to enter this plea today?

25   *A.*  No, ma'am.

1  *Q.*  Has anybody promised you something that is not in the plea

2  agreement, Exhibit 1?

3  *A.*  No, ma'am.

4  *Q.*  Have you had enough time to review and consider and discuss

5  your plea and plea agreement with Mr. Willett?

6  *A.*  Yes, ma'am.

7  *Q.*  Are you satisfied with him as your attorney?

8  *A.*  Yes, ma'am.

9  *Q.*  Do you have any concerns, complaints, or criticism about

10  the legal representation you've received?

11  *A.*  No, ma'am.

12  *Q.*  Do you want to ask him any questions?

13  *A.*  Later on.

14  *Q.*  Not now?

15  *A.*  Not now.

16  *Q.*  Okay.  Do you have any questions for me?

17  *A.*  No, ma'am.

18  *Q.*  Well, then now is the time to finalize your decision.  This

19  plea agreement, the one you and I have been discussing:  Do you

20  want to proceed with it?

21  *A.*  Yes, ma'am.

22  *Q.*  Do you still want to plead guilty to Count 28 in the

23  original indictment?

24  *A.*  Yes, ma'am.

25          *THE COURT:*  Thank you.

1          Mr. Till, this plea agreement anticipates that the

2     Government will be dismissing Count 32 in the original

3     indictment and all counts against Mr. Switzer in the

4     superseding indictment.  Would you make that motion, please.

5          MR. TILL:  Yes, your Honor.  At this time, the

6     Government asks the Court pursuant to Rule 48 to please dismiss

7     Count 40 -- excuse me -- 32 of the indictment and all counts of

8     the superseding indictment as to Mr. Switzer.

9          THE COURT:  Does Count 28 of the original indictment

10    reflect the seriousness of the actual offense behavior?

11         MR. TILL:  It does, your Honor.

12         THE COURT:  And if I were to accept this agreement and

13    this plea, would the statutory purposes of sentencing be

14    undermined in any fashion?

15         MR. TILL:  No, your Honor, they will not be

16    undermined.

17         THE COURT:  Thank you.

18         I assume the defense has no objection to the motion.

19         MR. WILLETT:  That's correct, ma'am.

20         THE COURT:  Thank you.

21         Mr. Willett, any reason not to accept the plea and

22    plea agreement?

23         MR. WILLETT:  None.

24         THE COURT:  Mr. Till?

25         MR. TILL:  No reason, your Honor.

1          *THE COURT:*  Do either of you desire to supplement the

2     record?

3          *MR. TILL:*  Nothing from the Government, your Honor.

4          *MR. WILLETT:*  We do not.

5          *THE COURT:*  Thank you.

6          Then based upon the record made in open court in Case

7     No. 12-cr-10 encaptioned for purposes of this hearing as the

8     United States of America vs. James R. Switzer, I hereby find

9     that the defendant is fully competent to enter an informed

10    plea, he has been represented through the course of this case

11    and this proceeding, and he has no objection, criticism, or

12    complaint as to the representation he has received.  He's aware

13    of the nature of the charges against him and the effects and

14    consequence of his plea of guilty.  He has knowingly and

15    voluntarily waived fundamental constitutional rights, including

16    his right to a jury trial.  He understands that the penalty to

17    be imposed by the Court will be based in part on the facts

18    stated in the plea agreement and that the penalty that is

19    imposed may exceed what's calculated in the plea agreement.

20    His plea of guilty is voluntary and knowingly made, and the

21    charge and plea is supported by an independent basis in fact.

22         The Government has orally moved to dismiss Count 32 in

23    the original indictment and all counts in the superseding

24    indictment against Mr. Switzer.  I find based on the

25    representation made by the Government that the remaining

1    charge, which is Count 28 in the original indictment, reflects

2    the seriousness of the actual offense behavior and the

3    agreement does not undermine the statutory purposes of

4    sentencing.

5         It's therefore ordered that Court Exhibits 1 and 2 are

6    received, the plea as made in open court today is accepted, and

7    the defendant is adjudged guilty as charged in Count 28 of the

8    original indictment.  The Government's oral motion to dismiss

9    is granted, dismissing Count 32 in the original indictment and

10   all counts against Mr. Switzer in the superseding indictment;

11   however, the effect of this order is stayed until the time of

12   sentencing.

13        The probation department will conduct a presentence

14   investigation and submit a presentence report as required by

15   Rule 32.  The defendant with the assistance of counsel shall

16   participate in the investigation and cooperate fully with the

17   probation department.

18        Looks like to me that you have set the sentencing for

19   September 17, 2012, at 11:00 a.m.  Is that still going to work?

20        *MR. TILL:*  Yes, your Honor.

21        *MR. WILLETT:*  That works, ma'am.  And I just wanted to

22   perhaps bring up to the Court that if for any reason its

23   schedule frees up, perhaps we could get an earlier date.  I

24   understand the Court's schedule is very busy up until that

25   time; but you never know, your Honor, so I just thought I'd

 1   ask.

 2           THE COURT:  Well, I'm scheduled to begin an eight-week

 3   criminal trial on July 2.

 4           MR. WILLETT:  That's what I heard.

 5           THE COURT:  And so I doubt that there is going to be

 6   any time for an earlier sentencing date.  But you're perfectly

 7   free to file a motion if you'd like.

 8           MR. WILLETT:  Thank you, ma'am.

 9           THE COURT:  The probation department will conduct the

10   presentence investigation, as I said.

11           The jury trial with regard to Mr. Switzer was vacated

12   upon the filing of the notice of disposition.

13           I don't see but a few pending motions.  Actually, one

14   and that's Docket No. 218.  It is the defense's motion to

15   exclude time from Speedy Trial.

16           MR. WILLETT:  Well, Judge, we would because of the

17   disposition here today, if I may, make an oral motion to

18   withdraw that motion.

19           THE COURT:  You may.  And I assume there is no

20   objection.

21           MR. TILL:  No objection, your Honor.

22           THE COURT:  The motion's granted.  It's deemed

23   withdrawn.

24           Any other business by the Government or the defendant?

25           MR. TILL:  Your Honor, none.  Thank you.

1          MR. WILLETT:  No, ma'am.  Thank you.

2          THE COURT:  Thank you, Mr. Till; thank you,

3    Mr. Willett.  Look forward to seeing you in September.  That

4    will conclude this matter.  Mr. Switzer will be remanded to the

5    care and custody of the United States Marshal's Service, and

6    we'll stand in recess.

7          (Recess at 11:49 a.m.)

8                         *   *   *   *   *

9                    **REPORTER'S CERTIFICATE**

10        I certify that the foregoing is a correct transcript from

11   the record of proceedings in the above-entitled matter.  Dated

12   at Denver, Colorado, this 3rd day of December, 2012.

13

14                                    *S/Paul A. Zuckerman*
                                       Paul A. Zuckerman
15

16

17

18

19

20

21

22

23

24

25