# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | March 22, 2013 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Jonathan Willett
1331 17th Street, Suite 608
Denver, CO 80202

**RE:**   **12-1437, United States v. Switzer**
Dist/Ag docket: 1:12-CR-00010-MSK-15

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 18 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:   Martha A. Paluch

        Robert Mark Russel
        Guy Till

EAS/kf

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-1437 |
| | (D.C. No. 1:12-CR-00010-MSK-15) |
| JAMES R. SWITZER, | (D. Colo.) |
| Defendant-Appellant. | |

## ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **HOLMES**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant James R. Switzer's plea agreement. The defendant pleaded guilty to a firearms offense in violation 18 U.S.C. § 922(g). At sentencing, the district court determined that the defendant's total offense level was 17 and his applicable advisory guidelines sentencing range was 51 to 63 months'

---

[*]   This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  The district court varied downward and sentenced the defendant to 40 months' imprisonment.

Pursuant to his plea agreement,

> the defendant knowingly and voluntarily waive[d] the right to appeal any matter in connection with [his] prosecution, conviction, or sentence unless it meets one of the following three criteria:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 20 and imposes a sentence based upon that offense level determination.

Attach. 1 to Mot. to Enforce (Plea Agreement) at 2.  Except as stated above, the defendant also "knowingly and voluntarily waive[d] the right to appeal the manner in which the sentence [was] determined."  *Id.*  He reserved his right to appeal or otherwise seek relief if "(1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that [he] was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct."  *Id.* at 3.  Finally, if the government appealed the sentence imposed, the defendant would be released from the waiver.  *Id.*

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In evaluating a motion to enforce a waiver, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.  The defendant's

counsel filed a response stating that he cannot identify any meritorious grounds to contest the motion to enforce. We gave the defendant the opportunity to file a pro se response, but his deadline has passed, and to date we have not received a response from him.

Our independent review confirms that the requirements for enforcing the plea waiver have been satisfied. Accordingly, we grant the motion to enforce and dismiss the appeal. We grant the defendant's counsel's motion to file a response one day late.

                                            Entered for the Court
                                            Per Curiam