1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-0010-MKG-015

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAMES R. SWITZER,

Defendant.

-----------------------------------------------------------------

REPORTER'S TRANSCRIPT
(Sentencing Hearing)

-----------------------------------------------------------------

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 9:12 a.m., on the 22d day of October, 2013, in Courtroom 901A, United States Courthouse, Denver, Colorado.

APPEARANCES

GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado 80202, appearing for the plaintiff.

JONATHAN S. WILLETT, Attorney at Law, 1331 17th Street, Suite 608, Denver, Colorado 80202, appearing for the defendant.

MARY J. GEORGE, FCRR, CRR, RMR
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

2

```
 1                    P R O C E E D I N G S
 2            (Call to order of the court at 9:12 a.m.)
 3            THE COURT:  The Court is convened today in case No.
 4   12 cr 10.  This is encaptioned as the United States of
 5   America versus James R. Switzer.  Matter's set down for
 6   sentencing.
 7            Could I have entries of appearance, please.  Of.
 8            MR. TILL:  Good morning, Your Honor.  I'm Guy Till.
 9   I'm an Assistant U.S. Attorney representing the Government
10   this morning, Your Honor.
11            THE COURT:  Good morning and welcome.
12            MR. TILL:  Thank you, Your Honor.
13            MR. WILLETT:  Good morning, Judge.  Jonathan
14   Willett, and I represent Mr. Switzer, and he appears at the
15   defendant's table, seated.
16            THE COURT:  Good morning and welcome.
17            Are you all ready to proceed?
18            MR. TILL:  Government is prepared, Your Honor.
19            MR. WILLETT:  We are ready to proceed, Judge.  We
20   do have one witness who's on her way, but I think --
21            THE COURT:  A witness for what purpose?
22            MR. WILLETT:  It's just mostly to put some evidence
23   in the record supporting the claim in the motion for
24   downward departure that Mr. Switzer was getting rid of the
25   gun at the time of the offense.
```

1       THE COURT:  Well, the facts that I am relying on
2  are the facts that have been stipulated to in the plea
3  agreement.
4       MR. WILLETT:  Okay.
5       THE COURT:  And those Mr. Switzer has admitted.
6       MR. WILLETT:  Yes, ma'am.
7       THE COURT:  If there are other facts that you
8  believe are pertinent to a -- the offense conduct, then I
9  think you need to disclose those to the Government and you
10 need to decide whether or not this is sufficient time for an
11 evidentiary hearing.
12      I have another hearing set at 11:00 this morning
13 and ordinarily we do not receive evidence unless it has been
14 disclosed to the opposing party.
15      MR. WILLETT:  Right.  And I think I haven't
16 discussed it with Mr. Till this morning, but I believe he is
17 aware that essentially Mr. Switzer was, in fact, getting rid
18 of the gun at the time he was found possessing it.  I can
19 proceed by way of an offer of proof if the witness doesn't
20 arrive here in time.
21      THE COURT:  Mr. Till, what's your pleasure?
22      MR. TILL:  Your Honor, I'm really not sure what the
23 defense is doing here.  It's very unusual for them to
24 proceed like this.  And --
25      THE COURT:  Would you like a chance to confer?

4

1          MR. TILL:  I would, Your Honor.
2          THE COURT:  All right.  We're going to stand in
3     brief recess so that, counsel, you can confer.  Let me know
4     when you have completed your conference.
5          (Recess at 9:15 a.m. to 9:22 a.m.)
6          THE COURT:  Counsel, what's your pleasure?
7          MR. WILLETT:  Well, Judge, we did have a chance to
8     confer, the U.S. Attorney and I, and we're going to forego
9     the -- any request for evidence from Ms. Godinez.  There is
10    one person here who indicated she would like to speak
11    briefly on behalf of the defendant.
12         THE COURT:  Mr. Willett, I have advised you at a
13    prior hearing --
14         MR. WILLETT:  Yes, ma'am.
15         THE COURT:  -- that the Court does not receive oral
16    statements.
17         MR. WILLETT:  Okay.
18         THE COURT:  Any statements to be made on behalf of
19    a defendant have to be submitted in writing to the probation
20    officer so they can be attached to the presentence report.
21    I will not hear oral statements at the time of sentencing.
22         MR. WILLETT:  Well, then, ma'am, we are ready to
23    proceed.  That witness did also prepare a written statement
24    and she just expressed an interest in reenforcing that with
25    the Court.  And I apologize.

1          THE COURT:  Thank you.  All right.  Will you and
2     your client please approach the lectern.
3          This matter is before the Court for purposes of
4     sentencing.  The record reflects that the defendant was
5     charged in a 32-count indictment filed with this court on
6     January 9th, 2012.  He was charged in Count 28 as being a
7     person -- a prohibited person in possession of a firearm who
8     violated 18 U.S.C. section 922(g)(1), 924(a)(2) and 2, and
9     he was charged in Count 32 with using and maintaining a
10    drug-involved premises and aiding and abetting in violation
11    of violation of 21 USC Section 856(a)(1) and (2) and (b) and
12    18 U.S.C. Section 2.
13         On February 6th, 2012, a superseding indictment was
14    filed with the Court found at docket No. 180, and it charged
15    him with the same two offenses in Counts 28 and 32.
16         On March 24th, 2012, after having entered a plea of
17    not guilty to the charges against him, the defendant changed
18    his plea to a plea of guilty to Count 28 of the original
19    indictment pursuant to a written plea agreement.
20         The Court accepted his plea.  He was adjudged
21    guilty as charged in Count 28 of the indictment.  Pursuant
22    to the terms of the written plea agreement, the Government
23    moved to dismiss the remaining count of the indictment and
24    both counts in the superseding indictment.  The Court
25    granted that motion but stayed the effect of the order until

```
 1       the time of sentencing, which is today.
 2              In preparation for today's hearing, I've had the
 3       opportunity to study a number of documents, beginning with
 4       docket No. 596, the first disclosed presentence report;
 5       docket 614, the objection and response by the defendant;
 6       docket 674, another objection and response by the defendant;
 7       688, a revised presentence report; 689, an addendum to that
 8       report; 692, another addendum to that report; and 697, a
 9       motion for departure and motion for nonguideline sentence.
10              Let me ask you, counsel, whether you've had
11       adequate opportunity and the defendant has had adequate
12       opportunity to review and consider these documents?
13              MR. TILL:  The Government has, Your Honor.
14              MR. WILLETT:  We have also, Judge.  On behalf of
15       the defendant, I might inquire if the Court also received a
16       document called Sentencing Statement and then, parentheses,
17       letters on behalf of the defendant?
18              THE COURT:  Docket No. 700.  And, actually, docket
19       No. 705, which is a response by the Government.  These were
20       filed on October 18th and 19th, respectively.  I have not
21       had an opportunity to review these because they were filed
22       so close in proximity to today's hearing.
23              We'll continue this hearing in light of all of the
24       issues that have been raised today.  And I strongly
25       recommend that, counsel, you confer with each other and,
```

1 particularly, Mr. Willett, you focus in on what it is you
2 want to present.
3 　　　　We'll stand in recess. And I'll ask counsel that
4 you go back to chambers and obtain a new date for sentencing
5 and we'll deal with all the sentencing issues that you want
6 to address at that time.
7 　　　　Mr. Willett, I'll ask you to please be on time for
8 the next hearing. We'll stand in recess.
9 　　　(Proceedings concluded at 9:28 a.m.)
10
11
12 　　　　　　　　　　*　　*　　*　　*　　*
13 　　　　　　　　　　REPORTER'S CERTIFICATE
14
15 　　I certify that the foregoing is a correct transcript
16 from the record of proceedings in the above-entitled matter.
17 　　Dated at Denver, Colorado, this 21st day of August,
18 2013.
19
20
21
22 　　　　　　　　　　　　　　_[signature: Mary J. George]_
23 　　　　　　　　　　　　　　MARY J. GEORGE, FCRR, CRR, RMR
24
25